# EXHIBIT B

**Kossoff Deposits into and Debtor Transfers out of Debtor's IOLA Accounts**

# EXHIBIT B

## Kossoff Deposits into and Debtor Transfers out of Debtor's IOLA Accounts

| Transaction Date | Payee/Payor | Transaction Type | Amount |
|---|---|---|---|
| **Transfers into IOLA from M. Kossoff** | | | |
| | | | |
| 2/14/17 | Mitchell H Kossoff Pamela A Kossoff | Transfer | $25,000.00 |
| 2/25/17 | Mitchell H Kossoff Pamela A Kossoff | Transfer | $21,000.00 |
| 1/7/21 | Mitchell Hal Kossoff | Transfer | $5,000.00 |
| | | **Total Transfers from M. Kossoff:** | **$51,000.00** |
| | | | |
| **Transfers from IOLA** | | | |
| 3/19/14 | Phyllis Kossoff | Check | $25,000.00 |
| 12/21/16 | Phyllis Kossoff | Check | $40,000.00 |
| 1/4/17 | Phyllis Kossoff | Check | $40,000.00 |
| 2/15/17 | Mitchell H Kossoff Pamela A Kossoff | Transfer | $25,000.00 |
| 3/10/17 | Mitchell H Kossoff Pamela A Kossoff | Transfer | $21,000.00 |
| 2/9/18 | Mitchell Hal Kossoff | Transfer | $65,000.00 |
| 5/5/18 | Phyllis Kossoff | Check | $100,000.00 |
| 3/3/21 | Mitchell Hal Kossoff | Transfer | $25,000.00 |
| | | **Total Transfers from IOLA:** | **$341,000.00** |

# **EXHIBIT C**

**Kossoff Plea Agreement**

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK: PART N

| | |
|---|---|
| THE PEOPLE OF THE STATE OF NEW YORK<br><br>-against-<br><br>MITCHELL KOSSOFF,<br><br>Defendant. | PLEA AGREEMENT<br><br>Docket No. CR-028944-21NY<br><br>SCI No. |

1. This is the plea agreement (the "Agreement") between the Office of the District Attorney of the County of New York (the "District Attorney") and Mitchell Kossoff (the "Defendant"). This Agreement constitutes the entire agreement between the Defendant and the District Attorney. There are no promises, agreements, or conditions, express or implied, other than those set forth in this document. No modification, deletion, or addition to this Agreement will be valid or binding on either party unless put into writing, signed by both parties, and approved by the Court.

2. At the time of the Defendant's plea, this Agreement shall be made a part of the record and the parties will request the Court's approval thereof. This Agreement will become effective only upon the Court's approval.

3. This Agreement covers the criminal conduct to which the Defendant is pleading guilty under this Agreement. No other criminal conduct is covered by the terms of this Agreement. This Agreement is limited to the District Attorney and cannot and does not bind other government agencies.

4. Pursuant to this Agreement, the Defendant shall waive prosecution by indictment and plead guilty under a Superior Court Information to one count of Scheme to Defraud in the First Degree (Penal Law § 190.65[1][b]), one count of Grand Larceny in the First Degree (Penal Law § 155.42), one count of Grand Larceny in the Second Degree (Penal Law § 155.40[1]), and one count of Grand Larceny in the Third Degree (Penal Law § 155.35[1]). The Defendant acknowledges that the maximum sentences that can be imposed for convictions of such offenses are as follows: an indeterminate prison term of 8 1/3 to 25 years for Grand Larceny in the First Degree (a Class B felony); an indeterminate prison term of 5 to 15 years for Grand Larceny in the Second Degree (a Class C felony); an indeterminate prison term of 2 1/3 to 7 years for Grand Larceny in the Third Degree (a Class D felony); and an indeterminate prison term of 1 1/3 to 4 years for Scheme to Defraud in the First Degree (a Class E felony).

5. The Defendant acknowledges that by entering this plea of guilty, he will forfeit certain constitutional rights, including the right to a trial by jury, the right to confront his

accusers, and the privilege against self-incrimination. The Defendant specifically will waive, and hereby waives, all defenses and any claims or protections with relation to his plea arising out of any federal or state rights concerning double jeopardy, statute of limitations, speedy trial, speedy sentence, delayed prosecution, geographical jurisdiction, or venue.

6. The Defendant shall execute a Waiver of Right to Appeal at the time of his plea. The Defendant shall acknowledge, and hereby acknowledges, that he would ordinarily retain his right to appeal even after pleading guilty, but that in this case, he is knowingly and voluntarily waiving that right in exchange for the favorable plea and sentence that he is receiving. The Defendant shall also acknowledge, and hereby acknowledges, that the appellate rights he is waiving are separate and apart from those rights that he shall automatically forfeit by his guilty plea.

7. Upon the Defendant's plea of guilty, he will admit under oath before the Court to the following:

   a. From at least December 2017 to April 2021, I was an attorney licensed to practice in New York and the sole member of Kossoff PLLC, a law firm located in Manhattan. Part of my law firm's business was to collect and hold funds in trust for my clients and other individuals involved in matters relating to my clients. I did not have permission or authority to disburse the funds without authorization from the relevant parties to do so.

   b. As charged in Count One of the Superior Court Information, I admit that, from on or about December 21, 2017 to on or about April 9, 2021, in the County of New York, I engaged in a systematic ongoing course of conduct with the intent to defraud more than one person and to obtain property from more than one person by false or fraudulent pretenses, representations, or promises. In doing so, I obtained more than $1,000 from such persons. In particular, I defrauded multiple clients of my law firm, and other persons involved in matters relating to my clients, by falsely representing that certain funds would be held in escrow and, notwithstanding those representations, intentionally causing unauthorized and impermissible disbursements of those funds.

   c. As part of that scheme, and as charged in Counts Two through Four of the Superior Court Information, I admit to committing the following specific thefts, in the County of New York, from clients of my firm and other persons involved in matters relating to my clients:

      i. From on or about December 21, 2017 through on or about March 16, 2021, I stole more than $50,000 from Anolag LLC and Jacpot 2 LLC.

        ii. From on or about July 9, 2019 through on or about March 16, 2021, I stole more than $1,000,000 from 118 Duane LLC.

        iii. From on or about April 1, 2021 through on or about April 9, 2021, I stole more than $3,000 from Irwin Ostrega.

    d. I admit that the individuals and entities listed in the appendix attached to my written plea agreement are some of the victims of the crimes to which I am pleading guilty today. I also admit that, by committing those crimes, I caused those victims to incur the losses listed in the appendix and that I owe those amounts to those victims.

8. The Defendant acknowledges that the individuals and entities listed in the appendix attached to this Agreement (the "Appendix") are victims of the crimes to which the Defendant is pleading guilty. The Defendant also acknowledges that the monetary amounts listed in the Appendix reflect losses that he caused and owes to the respective victims as a result of his crimes. The District Attorney and the Defendant agree that, at the time of the Defendant's sentencing, and as part of the Defendant's sentence, the Court shall issue judgment orders against the Defendant in favor of those victims listed in the Appendix. The Defendant acknowledges the bases for those judgment orders and agrees to waive, and hereby waives, any restitution/reparation hearing pursuant to Penal Law § 60.27(2) and Criminal Procedure Law § 400.30 in connection with his guilty pleas under this Agreement.

9. The Defendant represents that he has full and sole title to a condominium with an address of Twinlights Terrace, Unit I-9, Highlands, New Jersey, 07732 (Block: 11.08; Lot: 9) (the "Condominium"), with a last known tax assessment value of approximately $311,400 for the year 2021, according to the public records of the Monmouth County Clerk's Office. Prior to the Defendant's sentencing, and as a condition of the promised sentences set forth in paragraph 10 below, the Defendant shall transfer title to the Condominium to Albert Togut (not individually but solely in his capacity as Chapter 7 Interim Trustee for Kossoff PLLC) and provide proof of such transfer to the District Attorney. If the transfer has not occurred prior to the Defendant's sentencing, the Defendant must show good cause why the transfer was not performed. The Defendant agrees that it shall be within the District Attorney's sole discretion to determine whether the transfer occurred or whether the Defendant has demonstrated good cause why it did not.

10. The District Attorney and the Defendant agree that if the Defendant satisfies all of the conditions sets forth in this Agreement, as determined solely by the District Attorney, the District Attorney shall recommend and the Court shall impose the following indeterminate prison terms for the crimes to which the Defendant is pleading guilty, with all of the sentences to be run concurrently: 4.5 to 13.5 years for the count of Grand Larceny in the First Degree; 4.5 to 13.5 years for the count of Grand Larceny in the Second Degree; 2 1/3 to 7 years for the count of Grand Larceny in the Third Degree; and 1 1/3 to 4 years for the count of Scheme to Defraud in the First Degree.

11. The District Attorney and the Defendant further agree that, between the date of the Defendant's guilty plea and the date of his sentencing, the Defendant shall return to court on all scheduled court dates, report to the New York City Department of Probation as ordered by the Court, and refrain from any behavior that would cause him to be re-arrested on criminal charges. If the Defendant fails to satisfy any of those conditions or the conditions set forth in paragraph 9 above, as determined solely by the District Attorney, the District Attorney can recommend, and the Court can impose, any sentences authorized by law for the offenses to which the Defendant is pleading guilty under this Agreement.

12. The Defendant enters into this Agreement, including all waivers contained herein, knowingly, intelligently, and voluntarily and after discussion and consultation with his attorney, Walter Mack. The Defendant has had a full opportunity to discuss this Agreement with his attorney, and any questions he may have had have been answered to his satisfaction.

Dated: New York, New York

_____

_____     _____
Mitchell Kossoff                                            Doar Rieck Kaley & Mack
Defendant                                                    Attorney for Defendant

_____     _____
Ryan Gee                                                        Catherine McCaw
Assistant District Attorney                         Assistant District Attorney

Approved: _____
                 Justice of the Supreme Court

4

**APPENDIX TO PLEA AGREEMENT**
**PEOPLE V. MITCHELL KOSSOFF (DOCKET NO. CR-028944-21NY)**

| VICTIM | AMOUNT OWED |
| --- | --- |
| Gran Sabana Corporation | $4,478,784.24 |
| 118 Duane LLC | $2,425,000.00 |
| SSM Realty Group II LLC | $1,300,000.00 |
| Darlene Hart and Lorraine Kinyk | $1,250,000.00 |
| Decker Associates LLC | $800,000.00 |
| 537 Realty Associates LLC | $590,000.00 |
| Prince Street Holdings LLC | $525,000.00 |
| Sasson Real Estate Group | $342,500.00 |
| Ilomai Kurrik and Arthur Nigel Jones | $305,064.16 |
| Heiner Freidrich | $291,000.00 |
| Louis Girodano and Jeanmarie Giordano | $250,000.00 |
| Jonathan Ostrow | $250,000.00 |
| Anolag LLC and Jacpot 2 LLC | $220,051.88 |
| 47 Mercer Street I LLC, 47 Mercer Street II LLC, 47 Mercer Street III LLC, and 47 Mercer Street IV LLC | $199,600.38 |
| Irwin Ostrega | $159,584.93 |
| Chad Eggers | $158,000.00 |
| Centennial Properties NY Inc. | $150,000.00 |
| Lawrence A. Alexander Irrevocable Trust | $117,000.00 |
| Robert Altemus | $89,900.00 |
| Darren Katz and Peter Myers | $77,000.00 |
| 5557 LLC | $75,000.00 |
| 51 West 11 Realty LLC and Beth Mollins | $65,000.00 |
| Georgica Capital Partners LLC | $61,250.00 |
| CF E 88 LLC and SM E 88 LLC | $60,000.00 |
| Thomas Sneva | $57,300.00 |
| 6 West 75th Street LLC and 112-113 West 75th Street LLC | $55,187.73 |
| Robert Rugani | $49,900.00 |
| Delis Realty Corporation | $45,000.00 |
| 112-113 West 75th Street LLC | $40,000.00 |
| Estate of Jasper Edward Peyton, Jr. | $34,000.00 |
| Jason Breitstone | $30,625.00 |
| David Shorenstein | $30,625.00 |
| Jason Rosenblum | $17,410.13 |
| 6 West 75th Street LLC | $10,000.00 |
| David Svenson | $7,589.87 |

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF NEW YORK**

---

**THE PEOPLE OF THE STATE OF NEW YORK**

-against-

**MITCHELL KOSSOFF,**

                                              **Defendant.**

---

**PLEA AGREEMENT**

**DOCKET NO.**

**SCI NO.**

---

**Cyrus R. Vance, Jr.**
**District Attorney**
**New York County**
**One Hogan Place**
**New York, New York 10013**
**(212) 335-9000**

**Ryan Gee**
**Assistant District Attorney**
**Of Counsel**