1

1

2  UNITED STATES BANKRUPTCY COURT

3  SOUTHERN DISTRICT OF NEW YORK

4  - - - - - - - - - - - - - - - - - - -x

5

6  In the Matter of:

7  KOSSOFF PLLC,                           Lead Case No.

8        Debtor.                          21-10699-dsj

9

10  - - - - - - - - - - - - - - - - - - -x

11  ALBERT TOGUT, NOT INDIVIDUALLY BUT SOLELY IN HIS CAPACITY AS

12  CHAPTER 7 INTERIM TRUSTEE,

13        Plaintiff,                       Adv. Proc. No.

14  v.                                     22-01141-dsj

15  PEREVOSKI, et al.,

16        Defendants.

17  - - - - - - - - - - - - - - - - - - -x

18  ALBERT TOGUT, NOT INDIVIDUALLY BUT SOLELY IN HIS CAPACITY AS

19  CHAPTER 7 INTERIM TRUSTEE,

20        Plaintiff,                       Adv. Proc. No.

21  v.                                     23-01103-dsj

22  FRIEDMAN,

23        Defendant.

24  - - - - - - - - - - - - - - - - - - -x

25

2

1

2    - - - - - - - - - - - - - - - - - - - -x

3    ALBERT TOGUT, NOT INDIVIDUALLY BUT SOLELY IN HIS CAPACITY AS

4    CHAPTER 7 INTERIM TRUSTEE,

5         Plaintiff,                      Adv. Proc. No.

6    v.                                   23-01023-dsj

7    COLGATE UNIVERSITY, et al.,

8         Defendants.

9    - - - - - - - - - - - - - - - - - - - -x

10   ALBERT TOGUT, NOT INDIVIDUALLY BUT SOLELY IN HIS CAPACITY AS

11   CHAPTER 7 INTERIM TRUSTEE,

12        Plaintiff,                      Adv. Proc. No.

13   v.                                   23-01066-dsj

14   WOART,

15        Defendant.

16   - - - - - - - - - - - - - - - - - - - -x

17   ALBERT TOGUT, NOT INDIVIDUALLY BUT SOLELY IN HIS CAPACITY AS

18   CHAPTER 7 INTERIM TRUSTEE,

19        Plaintiff,                      Adv. Proc. No.

20   v.                                   23-01069-dsj

21   ROSENBLATT,

22        Defendant.

23   - - - - - - - - - - - - - - - - - - - -x

24

25

3

1

2   - - - - - - - - - - - - - - - - - - - -x

3   ALBERT TOGUT, NOT INDIVIDUALLY BUT SOLELY IN HIS CAPACITY AS

4   CHAPTER 7 INTERIM TRUSTEE,

5           Plaintiff,                        Adv. Proc. No.

6   v.                                        23-01071-dsj

7   46 / 47 APARTMENT HOLDINGS LLC,

8           Defendant.

9   - - - - - - - - - - - - - - - - - - - -x

10  ALBERT TOGUT, NOT INDIVIDUALLY BUT SOLELY IN HIS CAPACITY AS

11  CHAPTER 7 INTERIM TRUSTEE,

12          Plaintiff,                        Adv. Proc. No.

13  v.                                        23-01074-dsj

14  169 WEST 22 STREET, INC.,

15          Defendant.

16  - - - - - - - - - - - - - - - - - - - -x

17  ALBERT TOGUT, NOT INDIVIDUALLY BUT SOLELY IN HIS CAPACITY AS

18  CHAPTER 7 INTERIM TRUSTEE,

19          Plaintiff,                        Adv. Proc. No.

20  v.                                        23-01076-dsj

21  BANYAN TREE CAPITAL LLC,

22          Defendant.

23  - - - - - - - - - - - - - - - - - - - -x

24

25

4

1

2    - - - - - - - - - - - - - - - - - - -x

3    ALBERT TOGUT, NOT INDIVIDUALLY BUT SOLELY IN HIS CAPACITY AS

4    CHAPTER 7 INTERIM TRUSTEE,

5          Plaintiff,                    Adv. Proc. No.

6    v.                                  23-01079-dsj

7    PENNA,

8          Defendant.

9    - - - - - - - - - - - - - - - - - - -x

10   ALBERT TOGUT, NOT INDIVIDUALLY BUT SOLELY IN HIS CAPACITY AS

11   CHAPTER 7 INTERIM TRUSTEE,

12         Plaintiff,                    Adv. Proc. No.

13   v.                                  23-01080-dsj

14   BARASKY,

15         Defendant.

16   - - - - - - - - - - - - - - - - - - -x

17   ALBERT TOGUT, NOT INDIVIDUALLY BUT SOLELY IN HIS CAPACITY AS

18   CHAPTER 7 INTERIM TRUSTEE,

19         Plaintiff,                    Adv. Proc. No.

20   v.                                  23-01083-dsj

21   CURANOVIC, et al.,

22         Defendants.

23   - - - - - - - - - - - - - - - - - - -x

24

25

5

1

2   - - - - - - - - - - - - - - - - - - - -x

3   ALBERT TOGUT, NOT INDIVIDUALLY BUT SOLELY IN HIS CAPACITY AS

4   CHAPTER 7 INTERIM TRUSTEE,

5           Plaintiff,                   Adv. Proc. No.

6   v.                                   23-01086-dsj

7   SHAMAH,

8           Defendant.

9   - - - - - - - - - - - - - - - - - - - -x

10  ALBERT TOGUT, NOT INDIVIDUALLY BUT SOLELY IN HIS CAPACITY AS

11  CHAPTER 7 INTERIM TRUSTEE,

12          Plaintiff,                   Adv. Proc. No.

13  v.                                   23-01115-dsj

14  ELITE ENTERPRISES OF NY, INC.,

15          Defendant.

16  - - - - - - - - - - - - - - - - - - - -x

17                United States Bankruptcy Court

18                One Bowling Green

19                New York, New York

20                July 12, 2023

21

22  B E F O R E :

23  HON. DAVID S. JONES

24  U.S. BANKRUPTCY JUDGE

25  ECRO:   ELECTRONIC RECORDING

6

1

2   Adversary proceeding: 22-01141-dsj Albert Togut, Not

3   Individually but Solely in His C v.

4   Perevoski et al

5   1) Application Filed by the Trustee for an Order Approving

6   Settlement Stipulations

7

8   Adversary proceeding: 23-01103-dsj Albert Togut, Not

9   Individually but Solely in His C v.

10  Friedman

11  1) Pre-Trial Conference

12

13  Adversary proceeding: 23-01023-dsj Albert Togut, Not

14  Individually but Solely in His C v.

15  Colgate University et al

16  1) Pre-Trial Conference

17

18  Adversary proceeding: 23-01066-dsj Albert Togut, Not

19  Individually but Solely in His C v.

20  Woart

21  1) Pre-Trial Conference

22

23

24

25

1

2   Adversary proceeding: 23-01069-dsj Albert Togut, Not

3   Individually but Solely in His C v.

4   Rosenblatt

5   1) Pre-Trial Conference

6

7   Adversary proceeding: 23-01071-dsj Albert Togut, Not

8   Individually but Solely in His C v.

9   46 / 47 Apartment Holdings LLC

10  1) Pre-Trial Conference

11

12  Adversary proceeding: 23-01074-dsj Albert Togut, Not

13  Individually but Solely in His C v.

14  169 West 22 Street, Inc.

15  1) Pre-Trial Conference

16

17  Adversary proceeding: 23-01076-dsj Albert Togut, Not

18  Individually but Solely in His C v.

19  Banyan Tree Capital LLC

20  1) Pre-Trial Conference

21

22  Adversary proceeding: 23-01079-dsj Albert Togut, Not

23  Individually but Solely in His C v.

24  Penna

25  1) Pre-Trial Conference

1

2   Adversary proceeding: 23-01080-dsj Albert Togut, Not

3   Individually but Solely in His C v.

4   Barasky

5   1) Pre-Trial Conference

6

7   Adversary proceeding: 23-01083-dsj Albert Togut, Not

8   Individually but Solely in His C v.

9   Curanovic et al

10   1) Pre-Trial Conference

11

12   Adversary proceeding: 23-01086-dsj Albert Togut, Not

13   Individually but Solely in His C v.

14   Shamah

15   1) Pre-Trial Conference

16

17   Adversary proceeding: 23-0115-dsj Albert Togut, Not

18   Individually but Solely in His C v.

19   Elite Enterprises of NY, Inc.

20   1) Pre-Trial Conference

21

22

23

24

25

9

1

2) Status Conference RE: Application Filed by the Trustee for

an Order (I) Directing Ives & Sultan, LLP to Disclose Documents

and Information Relating to Services Provided to Persons

Affiliated with the Debtor and (II) Compelling Ives & Sultan,

LLP to Fully Comply with Bankruptcy Rule 2004 Order and

Subpoena

Transcribed by:  River Wolfe

eScribers, LLC

7227 North 16th Street, Suite #207

Phoenix, AZ 85020

(800) 257-0885

operations@escribers.net

10

1

2   A P P E A R A N C E S:

3   TOGUT, SEGAL & SEGAL LLP

4         Attorneys for Chapter 7 Trustee

5         One Penn Plaza

6         Suite 3335

7         New York, NY 10119

8

9   BY:   JARED C. BORRIELLO, ESQ.

10         JOHN C. GALLEGO, ESQ.

11         MINTA J. NESTER, ESQ.

12

13

14   DAVID BOLTON, P.C.

15         Attorneys for Pamela Kossoff

16         666 Old Country Road

17         Suite 509

18         Garden City, NY 11530

19

20   BY:   DAVID BOLTON, ESQ.

21

22

23

24

25

11

1

2   GOLDBERG SEGALLA LLP

3         Attorneys for Ives & Sultan, LLP

4         711 Third Avenue

5         Suite 1900

6         New York, NY 10017

7

8   BY:   CHRISTOPHER F. LYON, ESQ.

9

10

11   LEECH TISHMAN FUSCALDO & LAMPL LLC

12         Attorneys for Leyah Farber

13         875 Third Avenue

14         9th Floor

15         New York, NY 10022

16

17   BY:   LORI A. SCHWARTZ, ESQ.

18

19

20

21

22

23

24

25

12

1

2   LAX & NEVILLE LLP

3         Attorneys for Perevoski

4         350 Fifth Avenue

5         Suite 4640

6         New York, New York 10118

7

8   BY:   ROBERT J. GRAND, ESQ.

9

10

11  PARDALIS & NOHAVICKA LLP

12        Attorneys for Peter Xenopoulis and P. Xenopoulis Realty

13        LLC

14        950 Third Avenue

15        11th Floor

16        New York, NY 10022

17

18  BY:   ELENI MELEKOU, ESQ.

19        TODD B. SHERMAN, ESQ.

20

21

22

23

24

25

13

1

2  KLESTADT WINTERS JURELLER SOUTHARD & STEVENS, LLP

3      Attorneys for Ronny Mintz and Chalron Enterprises Ltd.

4      200 West 41st Street

5      New York, NY 10036

6

7  BY:  SEAN C. SOUTHARD, ESQ.

8

9

10  Bond, Schoeneck & King PLLC

11     Attorneys for Colgate University

12     One Lincoln Center

13     Syracuse, NY 13202

14

15  BY:  SARA C. TEMES, ESQ.

16

17

18  BALSAMO ROSENBLATT & HALL, P.C.

19     Attorneys for William Rosenblatt

20     200 Schermerhorn Street

21     Brooklyn, NY 11201

22

23  BY:  ZACHARY C. HALL, ESQ.

24

25

14

1

2  ALSO PRESENT:

3       MITCHELL H. KOSSOFF, Debtor Representative

4       DANA B. FRIEDMAN, ESQ., Defendant, Pro Se

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

**KOSSOFF PLLC**

15

1                    P R O C E E D I N G S

2          THE COURT:  Good morning, everyone.  It's Judge Jones.

3   We're here for 10 a.m. calendar proceeding by Zoom.

4          Just, I think people probably discerned this from the

5   calendar that's posted, but just so everyone knows what to

6   expect, we have quite a number of Kossoff matters on, one of

7   which is a motion on which I've directed that Mr. Mitchell

8   Kossoff attend because he filed a document in the case, which

9   is a motion to intervene that isn't yet returnable, coupled

10  with something, a stated objection to the settlement that's the

11  subject of the motion.

12         So I'm going to do that first so that then the

13  facility can -- with Mr. Kossoff present.  Then the facility

14  can end the connection with Mr. Kossoff, and we'll turn to the

15  rest of the calendar.  That will begin with one conference in a

16  non-Kossoff case, an adversary arising from J.P.R. Mechanical,

17  and then we'll turn to the remainder of the Kossoff matters.

18  So that may have been an unnecessary explanation, but I provide

19  it in case it helpful.

20         And with that, I'll call the first case, which is a

21  adversary arising out of the Kossoff LLC bankruptcy.  The

22  adversary proceeding docket number is 22-1141, Mr. Togut as

23  Trustee v. Perevoski, et al.

24         Let me ask, who is here?  Who's going to handle this

25  for the trustee today?

**KOSSOFF PLLC**

16

1          MS. NESTER:  Good morning, Your Honor.  Minta Nester,

2    Togut, Segal & Segal, counsel for the Chapter 7 trustee.  With

3    me today is my colleague John Gallego, who will be handling

4    this motion on behalf of the trustee.

5          THE COURT:  Great.  Nice to see both of you.

6          And let me ask, is anyone appearing for any of the

7    settling parties today?

8          MR. GRAND:  Yes.  This is --

9          THE COURT:  Okay.  Who's that?

10          MR. GRAND:  It's Robert Grand for Mr. Perevoski.

11          THE COURT:  Okay.  Great.  Anyone else appearing for

12    any of the settling parties?

13          Okay.  No one said yes.  And I'm saving Mr. Kossoff

14    for last, but other than Mr. Kossoff, is there anyone else who

15    wants to be heard on this adversary proceeding and the motion

16    for approval of various stipulations?

17          Okay.  No one else said yes.

18          And Mr. Kossoff, are you here?

19          MR. KOSSOFF:  Yes, I am, Your Honor.

20          THE COURT:  Okay.  Great.  Again, we have -- nice to

21    hear you.

22          Mr. Kossoff is here by telephone --

23          MR. KOSSOFF:  Thank you.

24          THE COURT:  -- which is fine.  And I guess, before I

25    specifically called this case, I explained procedurally what's

**KOSSOFF PLLC**

17

1   going on, but I'll do a little reset before we get going.

2        So this is an adversary proceeding brought by Chapter

3   7 Trustee Albert Togut, one of a series of such cases he's

4   brought against a variety of defendants, preference actions and

5   maybe other types of actions attempting to recover funds that

6   were transferred pre-petition to recipients on bases that the

7   trustee asserts are subject to recapture for the benefit of the

8   estate.

9        In this case, Mr. Mitchell Kossoff individually is not

10  a defendant or a party, although he has moved to intervene.

11  That motion was received by mail by the court on July 5th,

12  today's July 12th, and docketed on July 6th.  I entered an

13  order inviting any party that wished to be heard with respect

14  to that submission of Mr. Kossoff's to file a response.  The

15  trustee did file such a response, a three-page letter, timely,

16  on July 10th, and no other party has filed anything.

17        I will comment that it's unclear to me if Mr. Mitchell

18  Kossoff has standing to appear in this case as it now speaks

19  with regard to the settlement approval motion.  But

20  nevertheless, because it was unclear to me whether he did or

21  didn't, I thought the procedurally, more cautious approach was

22  to direct his appearance and to take into account the

23  submission he made.  I'll basically recap that statement as

24  being directed at challenging the validity of the IRS claim,

25  which is at least one basis, maybe the basis, on which the

**KOSSOFF PLLC**

18

1    trustee asserts an earlier applicable cutoff date for the

2    bringing of preference actions or of this type of action.

3           So I think how I want to proceed, with apologies to

4    Mr. Gallego, I may be going to steal a lot of your thunder, but

5    I have prepared pretty carefully on this.  And so I think what

6    I want to do is ensure that all settling parties wish to

7    proceed with their settlement and seek approval of it and that

8    nothing contained in Mr. Kossoff's recent submission has

9    changed anyone's desire to go forward.  I'm not sure that there

10   is an entitlement, necessarily, to back out of the settlements,

11   but I want to -- if everyone wants to go forward anyway, let's

12   just make a record of that.

13          So let me just ask this way.  We have Mr. Grand

14   appearing for one of the settling parties, no other attorney

15   appearing for any settling parties, and we have the trustee.

16          So Mr. Grand, are your clients intending to go forward

17   with the settlement today?

18          MR. GRAND:  Yes, they are.

19          THE COURT:  Okay.  Thank you.

20          And obviously, Mr. Gallego, the trustee is as well?

21          MR. GALLEGO:  Yes, Your Honor.

22          THE COURT:  Okay.  So partly why I did that recitation

23   is to make clear that all settling parties and the and the

24   estate and any other party and interest to the bankruptcy as a

25   whole has had an opportunity to have notice of Mr. Kossoff's

**KOSSOFF PLLC**

19

1   recent submission and all the parties want to go forward with

2   the settlement.  I will say I have reviewed the settlement

3   approval motion papers, which appear at ECF 56 of this case,

4   and I think they make a strong showing for approval of

5   settlements under the applicable Section 105/Rule 9019/Iridium

6   test, and so I'm not terribly concerned about that.

7            And I will say also that I have carefully reviewed Mr.

8   Kossoff's submission, and I believe it raises issues that go

9   to, if anything, potentially the merits of the dispute that's

10  being settled and potential defenses that could have been

11  raised by defendants to these actions.  And the existence and

12  strength of those defenses are matters for the parties to

13  assess and evaluate in reaching their determination whether

14  they wish to settle or not.  And as has been confirmed on the

15  record affirmatively by two of the parties and implicitly by

16  nonappearance of other parties, everyone wants to go forward

17  having taken all that into account.  So I think I see no

18  impediment to proceeding.

19            Okay.  So that's where we are.  Having made all those

20  observations, let me turn it over to Mr. Gallego.  You can tell

21  me whatever you wish, make whatever record you wish with

22  respect to these, but you've heard a pretty welcoming

23  introductory set of remarks by me.  So you don't need to --

24            MR. KOSSOFF:  Mean Mr. Kossoff or --

25            THE COURT:  -- go crazy.

**KOSSOFF PLLC**

20

1          MR. KOSSOFF:  -- Mr. Gallego?

2          THE COURT:  I was saying -- oh, I'm not sure which I

3    said.  I meant Mr. Gallego.  I'm going to let him present first

4    his motion first.

5          MR. KOSSOFF:  But it's my motion, Your Honor.

6          THE COURT:  No, oh, sorry.  No, Mr. Kossoff.  What's

7    on the calendar today is a motion for approval of settlements,

8    and so that's what I'm speaking to.  I think you have filed a

9    document that came in last week that's the motion to intervene

10   in this adversary proceeding, and in the course of which you

11   stated objections to the settlement.  And so what's calendared

12   for today is the settlement, and we're going to hear the

13   intervention motion, if necessary, at a future date.

14         The reason is the arrival of papers just last week is

15   not sufficient notice to give the parties-in-interest an

16   opportunity to file responses, and no responses have yet been

17   filed because they're not due.  So we're going to hear that

18   motion at a later date.  And the reason I have you here, Mr.

19   Kossoff, is because your submission did address the

20   settlements, which are on the calendar for today.  Okay.

21         So I'm going to give you a chance to speak later, Mr.

22   Kossoff, but I'll let Mr. Gallegos speak first with respect to

23   the settlement approval motion that is pending before the Court

24   and noticed for today, which is filed at ECF number 56.

25         MR. KOSSOFF:  Could I just make one procedural

**KOSSOFF PLLC**

21

1  observation --

2         THE COURT:  No.

3         MR. KOSSOFF:  -- (indiscernible) --

4         THE COURT:  No, no, no.  You're going to get a -- Mr.

5  Kossoff, no.  You're going to get a chance to speak later.  But

6  right now we're here on a motion, and I'm going to let the

7  movant speak first, as I always do.  And then you can you can

8  make whatever comment you like later.

9         MR. KOSSOFF:  Very good.

10         MR. GALLEGO:  Thank you, Your Honor.  And again, for

11  the record, this is John Gallego of Togut, Segal & Segal on

12  behalf of Albert Togut, the Chapter 7 trustee.

13         Your Honor, the trustee agrees implicitly with

14  everything that Your Honor just stated.  Those are

15  comprehensive remarks that we think reflect what is stated in

16  the application with respect to the relief sought in the

17  application and Your Honor's ability today to approve the

18  stipulations pursuant to Bankruptcy Rule 9019 and the well-

19  established precedent of this court, which Your Honor alluded

20  to, the Iridium factors, and whether the stipulations are fair

21  and equitable and in the best interest of the estate, the

22  debtor's estate, and whether these stipulations represent

23  the -- or are within the lowest range of reasonableness.

24         All of these considerations, Your Honor, as set forth

25  in the application supported by the Berger declaration, which

**KOSSOFF PLLC**

22

1   is attached as Exhibit B to the application.

2           And I just want to also say that we likewise share

3   Your Honor's concerns with respect to Mr. Kossoff's omnibus

4   motion and with respect to the procedural infirmities, for lack

5   of a better term, and his standing and particularly whether

6   even if taken at face value, the Kossoff submission, as Your

7   Honor phrased in the order, whether Mr. Kossoff's submission

8   has any bearing on the release sought the application, and

9   frankly, relying also on a response letter, the answer to that

10  is no.

11          So unless Your Honor has any specific questions, and

12  of course, we're happy to respond to whatever Mr. Kossoff says,

13  the trustee will rely on the papers and can address any

14  questions or concerns that Your Honor may have from there.

15          THE COURT:  Thank you.  I think that's sufficient for

16  now.  Let me ask you, I do have one question, though.  What

17  will remain of this case, if anything, if and when these

18  settlements are approved?

19          MR. GALLEGO:  Yeah.  Thank you, Your Honor.  Again,

20  John Gallego, Togut, Segal & Segal, on behalf of the Chapter 7

21  trustee.

22          What will remain of this case, as I understand it, is

23  there are a few defendants left.  I think it's Mr. Xenopoulis

24  and his company, Peter Xenopoulis Realty, and Mr. Boswell are

25  the remaining defendants, subject to Your Honor's approval of

**KOSSOFF PLLC**

23

1   the stipulations today.

2           So in terms of moving forward, as has been said on the

3   record in the past by my colleague Jared Borriello, who is not

4   here today but has said in the past in status conferences in

5   this adversary proceeding that the parties, particularly Mr.

6   Boswell and Mrs. Xenopoulis and the trustee, are working

7   towards a similar resolution to what we have before you today,

8   which is a consensual resolution of claims and settlement

9   amounts to put before Your Honor.

10          THE COURT:  Okay.  Thanks.  Okay.  That's helpful.

11  All right.  And let's see.  That was really my only question.

12  I wanted to have procedural clarity on how this fit within the

13  broader contours of the case.

14          All right.  Mr. Kossoff, thank you for your patience.

15  So now, you can be heard.  But to be clear, really what's

16  before the Court is simply a motion asking the Court to approve

17  three specific settlements in this adversary proceeding.  So

18  your motion to intervene is not on the table for today.  I've

19  given people -- people have a period established by the rules

20  before which they have to submit a response, and that time

21  hasn't run.  So I'll consider that motion separately.

22          But do you have anything you want to say with respect

23  to the settlement approval motion?

24          MR. KOSSOFF:  Just a couple of procedural things.  I

25  don't want to waste the Court's time (audio interference).

**KOSSOFF PLLC**

24

1    Again --

2            THE COURT:  Sorry, Mr. Kossoff.  Thank you.  And

3    please try to speak up a little.  I can hear you, but a little

4    bit faintly, so if you can keep your voice up, that'll be

5    helpful.

6            MR. KOSSOFF:  Okay.  The first thing is that, Your

7    Honor, in our telephone conversations, Your Honor makes a lot

8    of rulings on the transcript.  And I have not been able to get

9    any of those rulings because I have no money, and I'm in

10   prison.  So it's a request, quite honestly, that somehow the

11   Court can manage to get me copies of the transcripts in which

12   these rulings occur because they have a huge impact on the

13   litigations against -- the current litigations against me and

14   against the debtor.  That's my first request.

15           THE COURT:  Okay.

16           MR. KOSSOFF:  The second thing I had to say is that

17   Mr. Gallegos, in his summary as to the remaining defendants,

18   neglected to mention the estate of my mother.  And I'm

19   wondering if, in fact, the estate has been dropped from this

20   litigation (indiscernible) --

21           THE COURT:  Let me just ask Mr. Gallego that question.

22           Is the estate of Phyllis Kossoff a party to this

23   litigation?

24           MR. GALLEGO:  No.  Just, John Gallego, Togut, Segal &

25   Segal, on behalf of the trustee.  No, Your Honor.  The estate

**KOSSOFF PLLC**

25

1  is not dropped, and that was an oversight on my part

2  (indiscernible).

3        THE COURT:  Oh, I'm sorry.  I think we have a double

4  negative.  So the estate still is a party; is that right?

5        MR. GALLEGO:  That's correct.  Yes.

6        THE COURT:  Okay.  So that's the answer to that, Mr.

7  Kossoff.  And --

8        MR. KOSSOFF:  Thank you.

9        THE COURT:  -- nothing I'm being asked to approve

10  today affects that or the rights of any other party to the

11  lawsuit, so that will persist.

12        MR. KOSSOFF:  Okay.  Then my motion basically is a

13  motion for permissive intervention for the limited purpose of

14  making a motion to dismiss (audio interference) first through

15  six causes of action in the complaint.  And the reason I

16  interposed it in conjunction with the trustee's motion for

17  approval is that if my motion is granted, i.e. that I'm allowed

18  to intervene and my motion to dismiss first, sixth cause of

19  action for -- complaint for failure to cause an action, would

20  have an impact on the settlements now before the Court because

21  the complaint upon which -- because they would be moot because

22  the complaint upon and the causes of action upon which they are

23  based would be (audio interference).  That's a procedural

24  posture of the motion now before the Court.

25        I would like to -- and I'm very frustrated with this

**KOSSOFF PLLC**

26

1   because I can convince the Court in under two minutes that the

2   IRS is not a predicate creditor so (indiscernible) --

3            THE COURT:  Yeah.  Okay.  Mr. Kossoff, I'm sorry if

4   you're feeling frustrated.  I will tell you, your papers set

5   out that contention, which the trustee has disputed.  And for

6   purposes of today, I don't need to hear it and don't want to.

7   I want to save that issue for a later time when your motion is

8   actually before the Court.

9            And so I know that has been your contention, voiced

10  previously and again in your papers.  So let me say the

11  following with respect to your contentions.  First off, I don't

12  want to get into argument on your status to intervene in the

13  suit or whether or not the IRS claim is valid, and if not,

14  whether or not that undermines the trustee's ability to rely on

15  it for, I'll call it, statute of limitations or other

16  timeliness purposes or for the duration of the lookback that's

17  permitted for the bringing of preference or avoidance actions.

18           So rather, just as I said in my introductory remarks,

19  what is happening today is that the lawsuit has been brought

20  against parties, which don't include you, Mr. Kossoff,

21  individually.  Those parties are represented by counsel.

22  They're aware of the claims and potential defenses.  They've

23  investigated.  They have seen your written submission in this

24  case that was docketed last week that sets forth your

25  contentions very clearly with respect to the IRS claim.  And

**KOSSOFF PLLC**

27

1   they nevertheless wish to go forward with the settlement.

2           So I'm saving your request for transcripts.  I'll talk

3   about that separately in a minute.

4           So with respect to the settlement approval motions, I

5   independently think, and the parties through their spoken

6   position or absence and lack of a spoken position,

7   respectively, all have indicated a desire to go forward with

8   the settlement.  The issue you raise is in the nature of a

9   defense that could be raised by any defendant to this action.

10  The defendants to this action have chosen not to present that

11  defense formally or press it and instead have reached

12  settlement agreements, all of which are negotiated with at

13  least an opportunity to take into account all strengths and

14  weaknesses of the claims and defenses and any other

15  consideration that the parties want.  And so I see no basis to

16  disturb those settlements based on the position you're raising.

17  Okay.

18          So this is clearly without prejudice, whether you have

19  any entitlement to intervene in the case, which will persist as

20  to other parties, whether or not -- that will be reserved for a

21  separate day.  So I guess, while I'm going, I'm just going to

22  complete my ruling, and then we'll separately talk about your

23  transcript request.  Okay.  So let me take it a little bit from

24  the top on an oral ruling, although, Mike, it's going to

25  incorporate my comments that I just made on the record, and

**KOSSOFF PLLC**

28

1  it's going to be consistent with my comments made at the start

2  of today's hearing.  Okay.

3         So what's before the Court today is a motion filed by

4  the trustee for approval of three settlement agreements

5  pursuant to this Court's authority under Section 105 of the

6  Bankruptcy Code and Rule 9019 of the Bankruptcy Rules.  The

7  settlements collectively will bring in over 800,000 dollars to

8  the estate if approved.  That's a very significant recovery and

9  beneficial outcome for this estate, which is quite cash-

10  starved.

11         There is no opposition or objection to the motion,

12  other than the filing of Mr. Mitchell Kossoff, an individual

13  who is not a party to this action, which is docketed at ECF

14  number 60 in this action.  It was received by the court on July

15  5th and docketed on July 6th.  That had to be scanned first.

16  And in that submission, Mr. Kossoff moves to intervene, as he

17  just stated on the record, for the purpose of seeking to file a

18  motion to dismiss the action based on his theory that an IRS

19  proof of claim is invalid and therefore can't be properly used

20  as a measuring or predicate or golden claim to cause to be

21  recoverable earlier transfers than might otherwise be the case.

22         The motion was styled a motion to intervene and is

23  going to be heard at a later time because there has not been

24  sufficient notice to get it on the calendar for today with

25  opportunity to respond by the parties.  But I nevertheless

**KOSSOFF PLLC**

29

1   arranged for Mr. Kossoff to appear today because his motion

2   also stated what he called an objection to the proposed

3   settlement based on his contentions about the IRS' claims'

4   invalidity.

5          I do question whether Mr. Kossoff, as an individual,

6   actually has standing to object or be heard with respect to the

7   parties' agreement to settle claims in a lawsuit to which Mr.

8   Kossoff is not presently a party.  I think, were there to be an

9   appeal from this decision, I would consider it a fair question

10  whether Mr. Kossoff even suffers any cognizable harm as a

11  result of the settlements.  And in this lawsuit, there's no

12  claims brought against him, nor do I understand there to be a

13  material or cognizable or financial impact on him as a result

14  of the settlements.

15         But I'm not relying on that basis exclusively because

16  it hasn't been developed by the parties.  Rather, I'm going to

17  set that concern aside, other than to note it and say that I

18  have clearly established on the record today that the parties

19  to the settlements before me, whose approval is sought, wish to

20  proceed with their settlements.  One settling party explicitly

21  is present and explicitly stated a desire to proceed,

22  notwithstanding having received Mr. Kossoff submission.  The

23  trustee wishes to proceed.  And the other settling parties are

24  not here, and therefore, by their silence, clearly are

25  assenting to approval of the settlements which they previously

**KOSSOFF PLLC**

30

1    entered into.

2         Therefore, I'm going to simply do what bankruptcy

3    courts always do in these motions, which is review the well-

4    established standards under Section 105, Rule 9019, and the

5    Second Circuit's Iridium prevailing test, which is referred to

6    as the Iridium factors.  Again, and I conclude that that

7    standard is easily met by the settlements here and passes

8    muster.  That's the topic sentence for my ruling.

9         Specifically, I'll say that the questions that Mr.

10   Kossoff raises are entirely in the nature of identifying an

11   alleged deficiency in the trustee's claims that, in Mr.

12   Kossoff's view, gives rise to such a strong defense that the

13   claims -- that the settlements must be invalid and somehow

14   result from the trustee hoodwinking other parties.  But that

15   contention is undermined and clearly overcome by the fact that

16   Mr. Kossoff's written contentions were docketed last week, made

17   available to the parties, and they all want to go forward

18   nevertheless.

19        Further, the trustee disputes that contention, and

20   whatever strength it has is something that is in the nature of

21   a defense, which is something that each defendant can, should,

22   and almost certainly did evaluate in the course of assessing

23   their position and approach to this litigation.  And having

24   done so, they determined to enter the settlements they

25   negotiated.  So I conclude that each defendant had a full and

**KOSSOFF PLLC**

31

1   fair opportunity to defend the case on timeliness or any other

2   ground, and the settlements reflect their informed assessment

3   of the situation.

4           As to the merits of the settlement, I'll notice

5   that -- I'll note that my general agreement with the submission

6   made in the trustee's moving papers, Mr. Kossoff's submission

7   does not address or dispute that showing other than by arguing

8   about the merits of the IRS claim.  I have reviewed those

9   submissions and agree with the trustee's contentions and in

10  fact conclude that the settlements before me meet the

11  applicable standards rather easily.  Each settlement is fair

12  and equitable and in the best interests of creditors and the

13  estate as a whole.

14          Applying the Iridium factors, the settlement is the

15  result of arm's length negotiation between adverse parties.

16  The settling parties all are represented by counsel.  The

17  settlement avoids the expense and delay and uncertainty of

18  protracted litigation and provides a substantial and beneficial

19  early recovery for the estate.  I noted earlier, and it's true,

20  that this is especially valuable for the estate because of the

21  estate's cash needs.

22          But even setting that aside, and I'm not sure that

23  timing of recovery is something that I should get into in

24  evaluating -- or I should say that needs of the estate or

25  something necessarily that I should appropriately weigh, but

**KOSSOFF PLLC**

32

1   that is a plus factor as a practical matter.  And even not

2   weighing that, the strength of the recovery is significant and

3   beneficial for creditors and the estate, and it clearly

4   reflects arm's length negotiations that were based on available

5   strengths and weaknesses of the claims and defenses that could

6   be brought to bear.

7         So for that reason, I'm going to overrule the one

8   objection that was filed by Mr. Kossoff and approve the

9   order -- excuse me, approve the motion.  I'll direct the

10  trustee to submit an approval order.  I'll note that I did

11  review the proposed order that accompanied the motion.  I was

12  fine with it.  It probably needs a little updating to reflect

13  the existence of the objection that was filed in the occurrence

14  of the hearing today, and it should specifically incorporate my

15  oral ruling.  But other than that, I think it's fine.

16        So let me say that that concludes my ruling with

17  respect to the settlement approval motion.  So let me now --

18  let me just quickly ask, Mr. Gallego, is there anything I need

19  that I either inadvertently misstated that I should clean up or

20  omitted that I need to fix?

21        MR. GALLEGO:  Your Honor, John Gallego on behalf of

22  the trustee.  No --

23        THE COURT:  Okay.

24        MR. GALLEGO:  -- Your Honor did a great job there with

25  Your Honor's ruling, and we appreciate all the preparation

33

1  leading up to today.

2         THE COURT:  Okay.  That's great.  I'll just say, I

3  haven't heard other judges ask that after completing oral

4  rulings.  But as a lawyer, now and then, I have found myself

5  squirming in my seat if an oral ruling made an inadvertent

6  misstatement or had an easily fixable thing.  And then I think

7  that can lead to painful work down the road, so I try to give

8  people a chance to help me clean things up.  That's the purpose

9  of that question.

10        All right.  So let me say a couple things about

11  remaining and loose ends in the case.  One is Mr. Kossoff has

12  asked for copies of transcripts.  I honestly don't know what I

13  can -- sort of what I'm bureaucratically allowed to do.  It

14  seems to me there are cases in which Mr. Kossoff is a party and

15  there are cases in which Mr. Kossoff is not a party.

16        Is the trustee --

17        MR. KOSSOFF:  Asking only for the rulings if that's

18  fine.

19        THE COURT:  -- willing and able to share -- hang on,

20  Mr. Kossoff.

21        Is the trustee willing and able to just obtain and

22  share copies of transcripts with him in cases in which Mr.

23  Kossoff is a party?

24        MR. GALLEGO:  Your Honor, John Gallego on behalf of

25  the trustee.  In cases where Mr. Kossoff is a party, I think

**KOSSOFF PLLC**

34

1    the trustee would be willing to share those transcripts,

2    particularly, as Mr. Kossoff mentioned, Your Honor does give

3    very thorough and comprehensive rulings in those transcripts,

4    which might help eliminate some of the litigiousness that is

5    going on in this case.

6          THE COURT:  Okay.  Great.  So let's do this.  Let me

7    ask the trustee to order a copy of today's transcript, which

8    you'd have to do anyway to memorialize the ruling, and you'll

9    need it for the later status conferences, too, that we're going

10   to do and just mail a copy to Mr. Kossoff, okay, which will be

11   helpful.

12         So Mr. Kossoff, what I'll say is, in the cases to

13   which you're not a party, I think I shouldn't set up an

14   obligation on the trustee to routinely send you every

15   transcript of every case to which you're not a party.  But if

16   there are other proceedings you're interested in, just reach

17   out to the trustee and request it.  I'll ask the trustee to

18   consider that.  If there's no problem, they can provide it.

19   And if there's ever any concern or dispute, you're welcome to

20   contact the Court, and I'll consider it.

21         MR. KOSSOFF:  Your Honor, if I may, I don't want

22   transcripts for cases I'm not a party, but I do want

23   transcripts that can contain hearings on any motions that have

24   been initiated by me.  They may be --

25         THE COURT:  Yeah.  Yes.

**KOSSOFF PLLC**

35

1        MR. KOSSOFF:  -- in cases in which I'm not a party.

2        THE COURT:  I got it.  That's fair.  And so that's why

3   I asked for today's transcript to be sent to you because you're

4   not technically a party at this point, but you are a --

5   obviously, you were heard on today's hearing.  And so I'll ask

6   that that go to you as well.  And then more generally,

7   certainly, it's fine with me for -- I think it's appropriate

8   for you to get transcripts of matters in which you're a party.

9   And I try to always have you appear at those as well.  And then

10  anything else you're interested in, you can just advise.

11       I will tell you, as a practical matter, often we

12  have -- just, I'm sort of doing all things Kossoff PLLC on

13  specific days, and the transcripts often are just comprehensive

14  and cover all the matters heard on that day.  So I think if

15  you're getting particular transcripts of a day in which you

16  appeared, there's a good shot that you'll end up, as a

17  practical matter, getting the whole transcript for the day

18  anyway.

19       MR. KOSSOFF:  Thank you, Your Honor.  I have one other

20  brief comment, if I may.  I thank you --

21       THE COURT:  Sure, go ahead.

22       MR. KOSSOFF:  -- for your comprehensive and well-

23  reasoned oral ruling.  I will not be appealing it.  I had just

24  thought it was my obligation to bring certain facts to

25  the (audio interference) for the settling defendants before

**KOSSOFF PLLC**

36

1   they transmitted sums of money.  But if, in their opinion,

2   given those facts, they still wanted to go forward with this

3   settlement, then I have no reason trifling with it.

4          I would just say that the issue as to whether or not

5   the IRS is a proper predicate creditor impacts profoundly many,

6   many, if not all, of the adversarial proceedings that are

7   pending in this case.  And it is a threshold and seminal issue.

8   So I would just ask the Court that if they're going to set a

9   hearing date for my motion, that it be sooner rather than

10  later, because it might, in the event that it were granted,

11  obviate a tremendous amount of further litigation.

12         THE COURT:  Okay.  Well, I think I believe that we

13  have your intervention motion scheduled for an August date --

14         Oh, sorry.  Oh, okay.

15         So sorry, I was just asking my clerk.  My clerk is

16  telling me it was not set.  Let's set a schedule for that.

17  Basically, I was thinking it should be on a date at which the

18  trustee is going to be appearing anyway.  We have a variety of

19  standing -- I'll call it sort of "standing", as I was saying,

20  Kossoff days.  The next one is August 23rd, I think.  And then

21  I'm not sure what we have set up for September if we've set it

22  yet.

23         So yeah.  My wonderful courtroom deputy is messaging

24  me with dates.  So the two dates we have set up are August 23rd

25  and then September 26th.  Let's hear when -- does the trustee

**KOSSOFF PLLC**

37

1   know yet when -- want to propose a briefing schedule with

2   opposition and reply dates, or do you want to do that

3   separately?

4         MR. GALLEGO:  Your Honor, John Gallego on behalf of

5   the trustee.  I think, at this time, we'd like to regroup

6   internally on which date is more appropriate, but we can --

7   those are both the available dates.  We can reach out to

8   chambers.

9         THE COURT:  Okay.  So yeah, So I'll just say this.

10  We'll firm up a schedule later.  Unless told otherwise, I think

11  what makes sense is to slot this argument into either August

12  23rd or September 26th.  Those are the dates we're holding for

13  matters arising from the Kossoff PLLC bankruptcy.  And I'll

14  look for a proposed scheduling order.

15        Mr. Kossoff, you're ultimately going to be entitled to

16  file a reply brief after the opposition comes in.  And so one

17  thing --

18        MR. KOSSOFF:  And I can do that fairly quickly.  Just

19  again, and I'm sure you're already aware of this, but my

20  predilection would be to have the motion date be sooner rather

21  than later because of its profound effect on many other

22  litigations.

23        THE COURT:  Okay.  I hear you.  That's fine.

24        Let me ask the trustee to do the following.  I think

25  if you're going to want a briefing schedule that involves a

**KOSSOFF PLLC**

38

1   response date that is any other date other than the result of

2   application of the rules, docket a letter request proposing a

3   schedule, and I'll rule on that through an order.  Okay.  I

4   understand Mr. Kossoff wants to tee it up so that it gets heard

5   August 23rd as opposed to the September date.  So bear that in

6   mind.

7       I will say it is possible when I read the submissions

8   that I could rule without a need for oral argument, depending.

9   I don't know yet.  So I will just mention that possibility to

10  reserve that option.  But let's just assume that I'm going to

11  hear received briefing and hear it on either of those two days.

12  Okay.

13      All right.  I think we've covered the ground.  We need

14  to on adversary proceeding 22-1141.

15      Does the trustee need to raise any other logistical

16  matters on the case today?

17      MR. GALLEGO:  No, Your Honor.

18      THE COURT:  Okay.  Great.  All right.  So here is what

19  we're going to do.  In a second, I'll say thank you, and we're

20  adjourned in this case.  And then what will happen is I'll ask

21  the Togut team to stick around.  We're going to hear one other

22  matter and then come back to the remainder of the calendar.

23      Mr. Kossoff, thank you for your participation.  And I

24  think all the other matters are status conferences in

25  adversaries to which you're not a proceeding.  So I'm going to

**KOSSOFF PLLC**

39

1  let you go, thank the facility for their assistance in making

2  arrangements for you to be here, and wish you a pleasant while.

3  I think I'll probably be speaking to you in a month.  So good

4  luck in the meantime.  Okay.

5          With all that --

6          MR. KOSSOFF:  Yes, Your Honor.  There's just one --

7          THE COURT:  Yeah, go ahead, Mr. Kossoff.

8          MR. KOSSOFF:  -- one (indiscernible).  I really would

9  love the ability to have an oral argument on this motion rather

10 than you looking at it and making the decision because I think

11 that means that points that (audio interference) argument, they

12 will be fairly dispositive in your mind.

13         THE COURT:  Okay.  I understand.  I guess --

14         MR. KOSSOFF:  Whatever it's worth.

15         THE COURT:  -- let me --  yeah, all I was doing is

16 raising a possibility.  So I'll --

17         MR. KOSSOFF:  Okay.

18         THE COURT:  -- not give away my right to rule without

19 argument.  But I understand you'd like to be heard, and I'll

20 take seriously.  Okay.

21         MR. KOSSOFF:  Okay.  Thank you.

22         THE COURT:  All right.  Thanks very much.  Take care,

23 Mr. Kossoff.  Be well.

24         MR. KOSSOFF:  Have a great day, everyone.

25         THE COURT:  And the rest of you sit tight.  We are

1    adjourned on case 22-1141.

2         (Recess)

3         THE COURT:  Okay.  The next case, actually, a series

4    of cases, are a series of adversary proceedings in the Kossoff

5    PLLC bankruptcy.  I think we're going to consider them in rapid

6    succession, so I'll just call it by the main case docket

7    number, which is 21-10699.

8         And I see Ms. Nester turning on her camera.  Are you

9    going to be our person on this phase of the Kossoff matter?

10        MS. NESTER:  Yes, Your Honor.

11        THE COURT:  Okay.  Great.  So let me say, I appreciate

12   the chart that you've provided with matters and the agenda.

13   And I did review the transcript of the prior week and try to

14   get myself up to speed so you can just march through things as

15   you see fit, really, which is kind of what we did on May 31st

16   as well.  I thought that was helpful.

17        MS. NESTER:  Thank you, Your Honor.  Minta Nester,

18   Togut, Segal & Segal, counsel for the Chapter 7 trustee.  As

19   you mentioned, at chambers' request, we've submitted a chart of

20   the matters going forward today, and consistent with what we

21   did at the May hearing, if there's any party-in-interest here

22   today or not here today that would like a copy of the chart,

23   they should feel free to contact my office and we will, of

24   course, send that to them.

25        We also, immediately prior to this conference, filed

**KOSSOFF PLLC**

41

1    an agenda on the docket of the Chapter 7 case, as well as the

2    relevant adversary proceedings.  That is docket number 646, and

3    the parties may find that useful to the extent it includes

4    cites to relevant filings, select relevant filings, that the

5    chart does not.  The numbering on the agenda does correspond

6    with the chart, so I will make reference to row numbers, but

7    you will also see the same numbering in section 2 for the pre-

8    trial conferences on the agenda if that's what you have in

9    front of you.

10           So the first matter, or the first pre-trial conference

11   on the agenda is row number 1, the matter Colgate University.

12           THE COURT:  Yes.

13           MS. NESTER:  I am not sure if anyone is here on behalf

14   of the university.

15           MS. TEMES:  Good morning, Your Honor.  Sara Temes from

16   Bond, Schoeneck,& King on behalf of Colgate University.

17           THE COURT:  Okay.  So I am ready to go.  My notes for

18   myself in preparation are set scheduling order, question mark.

19   There was to be a settlement conference -- or I guess there had

20   been a settlement conference with Colgate, and I didn't hear an

21   outcome of that.  And I just, I guess, need a status update.

22   And I need to know if you want to kick over into formal

23   discovery or do something else at this point.

24           MS. NESTER:  Your Honor, Minta Nester, counsel for the

25   trustee.  I understand that Colgate and my colleagues have

**KOSSOFF PLLC**

42

1   elected to exchange position statements in an attempt to

2   resolve this matter, and we anticipate submitting a scheduling

3   stipulation providing for that exchange in the near future.

4         THE COURT:  Okay.  That's fine.  I am always going

5   to -- at some point, my patience will wear out, but I'm not

6   remotely close to that.  So if people are pursuing possible

7   consensual resolutions, that's great.  And yes, please submit a

8   scheduling order.  I just really like my docket sheets to be

9   comprehensible and reveal what's going on, so if you can get me

10  a scheduling order that can reflect ongoing discussions and

11  therefore a pushing out of formal discovery dates.  Okay.  Does

12  that work for you, Ms. Nester?

13        MS. NESTER:  Yes, Your Honor.  We will do that.

14        THE COURT:  Okay.  And for you as well, Ms. Temes?

15        MS. TEMES:  Yes.  That works for Your Honor.  Thank

16  you.

17        THE COURT:  Okay.  And let's see.  This goes for

18  counsel for Colgate and anybody who's here on the successive

19  matters.  Once your matter is done, you're free to take off and

20  not sit through the whole calendar, although if you're curious

21  and you think it would be helpful to you or interesting, you're

22  welcome to stay, of course.

23        Ms. Nester, are we going to talk about claims

24  involving Jeremy Kossoff today?

25        MS. NESTER:  Your Honor, I don't believe there's been

**KOSSOFF PLLC**

43

 1   too much of an update there.  I do believe that the parties may

 2   still be exploring settlement opportunities and options, but to

 3   the extent we do launch into formal discovery, we will either

 4   submit a scheduling order with discovery deadlines that the

 5   parties have previewed and discussed or alert you to a

 6   disagreement or a dispute that may need judicial

 7   (indiscernible).

 8          THE COURT:  Okay.  That's fine.  I'll just say he's a

 9   defendant in the same adversary.  So.

10          MS. NESTER:  (Indiscernible).

11          THE COURT:  Okay.  Anything else we need to do on this

12   adversary?

13          MS. NESTER:  No, Your Honor.  Unless you have any

14   further questions, I would move on to Togut v. Woart, which is

15   adversary proceeding 23-1066.

16          THE COURT:  No further questions on the prior case,

17   and yes, let's move on to Woart.

18          And Ms. Temes, thanks for appearing.

19          MS. TEMES:  Thank you, Your Honor.

20          THE COURT:  Okay.  Go ahead and give me an update on

21   case number 23-1066, please.

22          MS. NESTER:  So as reported at the May 23rd

23   conference, no answer had been filed by the May 3rd deadline,

24   and we had no communications from the defendant.  On June 6th,

25   we had sent them a default -- or sent her a default letter in

**KOSSOFF PLLC**

44

1  an attempt to obtain some response.  The default letter noted

2  that absent a response or an answer within seven days, we would

3  proceed with the clerk's entry of default.  And so we intend to

4  pursue entry of default, as we have done in other adversary

5  proceedings where the defendants have failed to appear or

6  respond to the complaint.

7          THE COURT:  Okay.  You sent it by mail?

8          MS. NESTER:  We did.

9          THE COURT:  Okay.  And you didn't get a return-mail-

10  addressee-unknown-type communication or anything?

11          MS. NESTER:  Not that has made its way to my desk or

12  any colleague to put it in front of me.

13          THE COURT:  Okay.  In general, just, for all of these

14  cases, if such a thing happens, I'll want to know about it,

15  okay, because I do have some concern about that.

16          MS. NESTER:  Absolutely.  Understood, Your Honor.

17          THE COURT:  But other than that, your planned approach

18  sounds fine to me.  Do I need to enter an order, or it's just a

19  thing that'll happen?

20          MS. NESTER:  Your Honor, we'll file an affidavit of

21  default on the record.  And assuming that it's sufficient and

22  deemed acceptable, we will hope that the clerk would enter the

23  certificate of default and then we would move forward with the

24  application.

25          THE COURT:  Okay.  That's fine.  That is handled

**KOSSOFF PLLC**

45

1   entirely by the clerk's office with no action by me required.

2   But if you ultimately need me, just reach out any time.  Okay.

3          MS. NESTER:  Thank you.

4          THE COURT:  So and I think that's all we need to do on

5   1066, right?

6          MS. NESTER:  That's correct, Your Honor.  So I will

7   move on to Togut v. Rosenblatt, which is adversary proceeding

8   Number 23-1069.  I believe defense counsel is here today.

9          MR. HALL:  Yes.  Good morning, Your Honor.  Zachary

10  Hall for William Rosenblatt.

11         THE COURT:  Great.  Good morning to you, Mr. Hall.

12         MR. HALL:  Good morning.

13         MS. NESTER:  Your Honor, at the May 23rd conference,

14  we had reported the defendant was in default, so we are pleased

15  to see defense counsel here today.  Mr. Hall and I spoke

16  yesterday afternoon, and we plan to continue to confer to see

17  what may be the most efficient approach to this case, what may

18  make sense.  So we'd respectfully -- or I would respectfully

19  request an adjournment to the August 23rd date.

20         MR. HALL:  And I join in that request, Your Honor.

21         THE COURT:  Does that work for you --

22         MR. HALL:  Yes.

23         THE COURT:  Sorry.  Go ahead.

24         MR. HALL:  I join in that request, Your Honor.

25         THE COURT:  Okay.  That's approved, and you can just

**KOSSOFF PLLC**

1   file an appropriate notice if you want -- however you want to

2   do it, an omnibus notice or whatever.

3          MS. NESTER:  Thank you, Your Honor.

4          MR. HALL:  Thank you, Your Honor.

5          THE COURT:  Okay.  Thank you.

6          MS. NESTER:  So absent further questions, I'll move on

7   to Togut v. 46 / 47 Apartment Holdings LLC, which is adversary

8   proceeding 23-1071.

9          THE COURT:  Please do.  Thank you.

10         MS. NESTER:  That is another adversary proceeding

11  where we have sought to -- we reported that they were in

12  default on May 23rd, and we have sought to get a response from

13  defendant through a default letter that we sent on May 6th --

14  or apologize, June 6th.  We have not received a response, and

15  so the defendant remains in default.  I would propose just a

16  final act to confirm that we've not received any bounce backs,

17  and if none have been received, we will go forward seeking the

18  entry of default.

19         THE COURT:  Okay.  That's fine.  Thank you.  So that

20  finishes 23-1071 and on to 23-1074, I believe.

21         MS. NESTER:  That's correct.  That's Togut v. 169 West

22  22 Street, Inc.  This is another one where we believe the

23  defendant is in default.  The complaint was filed on April 3rd.

24  It was seeking to avoid a 150,000-dollar transfer as a

25  preference.  The second summons was issued on May 31st at

**KOSSOFF PLLC**

47

1    docket number 5, setting an answer deadline as May 4th.  The

2    affidavit of Service was filed on June 9th.  That's docket

3    number 9.  And consistent with the approach we're taking, we

4    intend to reach out to them again, try to obtain defendant's

5    response, but absent doing so, seek entry of default.

6         THE COURT:  Got it.  That makes sense.  I'll just note

7    that your helpful chart says no response to complaint by the

8    June 30th, 2023 deadline.  So it sounds like this one's on a

9    slower track or unless you have a typo in your chart.

10        MS. NESTER:  I apologize.  The typo is in my speaking

11   points, Your Honor.  I do apologize for that.  I see that the

12   second summons was issued on May 31st, so the thirty-day

13   deadline would have been June 30th.

14        THE COURT:  Would have been June -- right.  Okay.  So

15   that's fine.  I mean, definitely proceed with the further

16   outreach, but just bear in mind to the extent it influences

17   your approach that they're less late than some of the other

18   players.

19        MS. NESTER:  Yes, Your Honor.

20        THE COURT:  Okay.  All right.  That is it.  That's all

21   we need to do, I think, for case 23-1074, right, and we're on

22   to --

23        MS. NESTER:  That's correct.

24        THE COURT:  -- 23-1076?

25        MS. NESTER:  That's correct.  The sixth item on the

**KOSSOFF PLLC**

48

1   list is the Banyan Tree Capital adversary proceeding.  We had

2   reported that the defendant was in default at the May 23rd

3   hearing.  We sent a default letter, and I do believe that one

4   was returned.  Our records show that it may be an involuntary

5   dissolution pursuant to the Commonwealth of Massachusetts state

6   records.  So that is one where we have received a bounce back

7   of the letter, notwithstanding the fact they may be in

8   dissolution, we would propose proceeding with the with the

9   certificate of default unless the Court would prefer otherwise.

10          THE COURT:  I don't know enough to know that that's

11  wrong.  So you can I'd say.  I guess, I -- if ultimately you're

12  going to be seeking entry of default judgment, I'd like some

13  sort of bespoke explanation from you of whether that's actually

14  okay when an entity is in dissolution proceedings.

15          MS. NESTER:  Yes, Your Honor.  Will do.

16          THE COURT:  Oh, I'm sorry.  I meant to say something

17  on a case by case basis, which is really just a question.  If

18  any counsel is here for any defendant on the calendar today

19  that's being addressed, please identify yourselves as we go.

20  I'm going to assume that there's not anyone here unless I'm

21  told otherwise, so it's incumbent on anyone appearing for any

22  party in any of these actions to make their presence known.

23  Okay.

24          And Ms. Nester, if you want to be more assertive in

25  identifying people, you're welcome to.  I guess, if someone's

**KOSSOFF PLLC**

49

1    here yet failing to respond, that's maybe extra persuasive.

2              Okay.  Go ahead.

3              MS. NESTER:  Thank you, Your Honor.  The seventh item

4    on the list is Togut v. Penna, adversary proceeding 2301-1079.

5              The complaint was filed against Mr. Penna on April

6    3rd, and we had been contacted in late April by counsel.

7    However, we'd been having some difficulty with responsiveness.

8    I believe on June 13th, we had agreed to extend the answer

9    deadline to June 27th, as long as counsel would file a notice

10   of appearance.  I understand he'd been having some difficulty

11   with the bankruptcy court filing system, so he's not filed a

12   notice of appearance and has not filed an answer.

13             Since the matter has been pending since April 3rd, we

14   would like to move forward.  So unless the Court would prefer

15   otherwise, I'd propose we notified counsel that that answer is

16   not received or response otherwise and a notice of appearance

17   docketed within seven days, we would move forward with the

18   certificate of default at that time.

19             THE COURT:  Do you have a have a workable email

20   address for the counsel?

21             MS. NESTER:  Yes, we have contact information for

22   counsel.

23             THE COURT:  Okay.  Yeah.  My only hesitation is what

24   the right amount of time is.  Certainly, a demand letter and a

25   shot across the bow and followed by proceeding down the default

**KOSSOFF PLLC**

50

1  path if an appearance doesn't occur is appropriate.  And I

2  guess you can use your judgment about the number of days.  It's

3  not for me to say.

4         MS. NESTER:  Yes, Your Honor.  And we're comfortable

5  allowing more time.  We just really want the parties to kind of

6  make forward progress here.

7         THE COURT:  Right.  No, you're clearly doing what you

8  need to do, which is try to induce people to come to the table.

9  So what you're describing is fine.

10        MS. NESTER:  Thank you, Your Honor.  The eighth item

11 on the list is Togut v. Barasky, adversary proceeding 23-1080.

12 In this matter, the complaint was filed on April 3rd.  As

13 reported at the May 23rd conference, defendant had filed a

14 motion to withdraw the reference and dismiss the case.  That's

15 docket numbers 5 to 6.  On June 1st, the trustee filed our

16 opposition in the district court, and that motion --

17        THE COURT:  I'm sorry, give me the date again.  When

18 did you file?

19        MS. NESTER:  June 1st.

20        THE COURT:  Okay.

21        MS. NESTER:  And that motion now remains pending.  I

22 will pause to see if counsel for Mr. Barasky is here.  I don't

23 see the name but --

24        Your Honor --

25        THE COURT:  Okay.  Yeah, we allowed time to go by.  No

**KOSSOFF PLLC**

51

1    one spoke up.  So yes.  So that's entirely before the district

2    court right now; is that right?

3              MS. NESTER:  That's correct, Your Honor.  And as we

4    discussed at the May 23rd conference, there's nothing inherent

5    about the motion to withdraw the reference or the motion to

6    dismiss that would stay discovery automatically.  So we would

7    like to move forward with discovery, notwithstanding the

8    pending motion in the district court.  Defense counsel has not

9    submitted a motion to stay discovery, has not made arguments on

10   the record or in pleadings to my --

11             THE COURT:  Have you discussed it with counsel yet for

12   Barasky?

13             MS. NESTER:  My understanding is counsel is resisting

14   putting a discovery schedule in place.

15             THE COURT:  Yeah, I'm not going to do it on the spot.

16   I mean, I think, let me just -- let me just say, if the trustee

17   wants to pursue discovery, I would direct you to meet and

18   confer with counsel for the Barasky -- is it a singular

19   defendant or multiple?

20             MS. NESTER:  Yes, Your Honor.  It's a singular

21   defendant.

22             THE COURT:  Yeah.  So confer with counsel for that

23   defendant.  Tell them you intend to seek leave to conduct

24   discovery and propose a discovery schedule and meet and confer

25   about that.  Consider in good faith whatever position they

**KOSSOFF PLLC**

52

1  state.  And if you want to proceed with pursuing that from me,

2  on consent or otherwise, just submit a letter request.  I think

3  it can be short, probably not to exceed -- what, 3 pages should

4  do it.  Allow time for the defendant to respond, and I'll

5  decide what to do.

6          It may not -- I may well be able to decide without

7  making you wait till August 23rd, but let's just see where you

8  get.  Okay.  I don't want to unleash discovery without having

9  thought about the merits and heard from the adversary.  So I

10 don't just want to do it on a fly orally today.

11         MS. NESTER:  Thank you, Your Honor.  One question,

12 then.  Just as a procedural matter, would you like us to file a

13 notice of adjournment, adjourning this to the August 23rd date

14 that you mentioned?

15         THE COURT:  I'll say that's fine.  That's not an

16 independent desire of mine, but you're certainly welcome to.

17 And then yeah, it'll be good to get an update on where things

18 stand at that point.  Okay.

19         MS. NESTER:  Thank you, Your Honor.  The next item on

20 the agenda is number 9, Togut v. Curanovic, et al., case number

21 23-1083.  Again, this is one where we had reported at the May

22 23rd conference that the defendants -- there are two

23 defendants --  they were in default.  We've not heard from

24 either one of the defendants.  So we will continue to pursue

25 reaching out, trying to get contact, but if we are ultimately

**KOSSOFF PLLC**

53

1   unable to do so and we haven't received any bounce backs, I

2   guess, as that a general rule, if we haven't received any

3   bounce backs that we can't explain, we would proceed with the

4   notice of default.

5           THE COURT:  That sounds good to me.

6           MS. NESTER:  And I'll note on that, I have not

7   confirmed with my team that we have not received any bounce

8   backs on that, but I will proceed as we've discussed either

9   way.

10          THE COURT:  Um-hum.  Sorry to interrupt.  I throughout

11   the day have been saying various things like, "that sounds good

12   with me" in response to your description of your procedural

13   plans.  So that's a little ambiguous, and so I'm just going to

14   be a little less ambiguous.

15         I don't view you as applying for anything that you'd

16   need me to approve.  I'm not ordering anything, but I think

17   you're just describing intended procedural paths.  And if I had

18   concerns, I would raise them.  I don't think you need approval

19   for me to do these things that you're describing.  If I had

20   concerns, I would voice them.  And so I'm just sort of stating

21   general comfort with approach, but it's not a -- I don't think

22   there's a required approval and I'm not ordering anything.

23          MS. NESTER:  Thank you, Your Honor.  We understand.

24         Absent any further questions on that matter, I will

25   move on to number 10, which is Togut v. Shamah, adversary

**KOSSOFF PLLC**

54

1  proceeding number 23-1086.

2         THE COURT:  Yes.

3         MS. NESTER:  We had previously reported that the

4  singular defendant was in default at the May 23rd conference.

5  Again, we intend to reach out.  We sent a letter on June 6th,

6  and I think you might be seeing an affidavit of default coming

7  for that one as well soon.

8         THE COURT:  Okay.  That's fine.  That one's puzzling

9  to me because it's more money than most of these cases, but so

10 be it.

11        MS. NESTER:  Moving on, unless the Court has any

12 further questions, number 11, Togut v. Friedman, adversary

13 proceeding number 23-1103, and I believe Mr. Friedman is here

14 today.

15        MR. FRIEDMAN:  I am.  (Indiscernible) --

16        THE COURT:  Great.  Nice.  Nice to -- sorry.  Nice to

17 see you, Mr. Friedman.

18        MR. FRIEDMAN:  Good morning.

19        THE COURT:  Okay.  Yeah.  Go ahead, Ms. Nester.

20        MS. NESTER:  The trustee filed a complaint on April

21 28th, seeking to avoid and recover transfers totaling not less

22 than 165,700 dollars.  Defendant appears to have now filed an

23 answer, but I do believe it's been filed in the Chapter 7 case

24 at docket number 644 and 645.  So I would request, if defendant

25 could, to refile on the docket of the adversary proceeding.

**KOSSOFF PLLC**

55

1          THE COURT:  Yeah.  So I see Mr. Friedman's pro se.

2          Are you a lawyer, Mr. Friedman?

3          MR. FRIEDMAN:  I am, but I do not do bankruptcy, and I

4   have never once stepped foot in a federal court.

5          THE COURT:  Okay.  So --

6          MR. FRIEDMAN:  That being said, if I may, I spent a

7   great deal of time trying to get through the PACER system, only

8   to speak with, like, the girl from your office -- your

9   chambers, rather.

10         THE COURT:  Yeah, probably Ms. Calderon.

11         MR. FRIEDMAN:  Yes.  Thank you.

12         MR. FRIEDMAN:  Yes, thank you.

13         THE COURT:  Yeah, she is wonderful, and she's my

14   person who -- she's my point person on public inquiries.

15         MR. FRIEDMAN:  (Indiscernible) --

16         THE COURT:  Yeah.

17         MR. FRIEDMAN:  She walked me through filing it.  To

18   best of my knowledge, it's filed the correct form.  If it needs

19   to be filed --

20         THE COURT:  Yeah.  Yeah.  Let me explain what Ms.

21   Nester says.  So bankruptcy has its own strange ways and

22   nomenclature.  There is a thing called a main case, at least

23   colloquially, which is the bankruptcy of, in this case, Kossoff

24   PLLC, in which lots of individual lawsuits arise.  And those

25   are, in bankruptcy speak, called "adversary proceedings".

**KOSSOFF PLLC**

56

1          So you're a defendant in one adversary proceeding

2    filed under the -- filed under the umbrella of the main

3    bankruptcy case of Kossoff PLLC.  And what Mr. Nester is saying

4    is that you docketed your answer in the main bankruptcy case of

5    Kossoff PLLC.  It should be on the docket sheet of the specific

6    adversary.

7          So let me just suggest, let's try to get it there.  I

8    can talk to Mr. Calderon offline.  I don't know if that's

9    something our clerk's office can accomplish or else, Mr.

10   Friedman, you'd just have to refile the same thing.  So she's

11   not saying that what you filed is deficient as a document.

12   It's just in the wrong --

13          MR. FRIEDMAN:  (Indiscernible) --

14          THE COURT:  -- electronic space.  Okay.  So that's

15   fine.

16          And then let me come back to Ms. Nester.  It sounds

17   like you want to -- once you have the answer in place, you're

18   going to want to talk and set some sort of schedule or informal

19   discussion schedule?

20          MS. NESTER:  Well, I do believe the parties are

21   currently engaging in an informal exchange of documents and

22   information, and we would hope that that would continue.  So

23   I'd respectfully request to adjourn this to the August 23rd

24   date.  We would file a notice of adjournment.

25          THE COURT:  Yeah, that's fine.  And okay.  So file the

1  notice of adjournment.

2      That takes any -- nothing terrible is going to happen

3  as a result of your answer being filed in the wrong place, Mr.

4  Friedman, but let's see if we can just get it docketed in the

5  correct adversary proceeding.  I'll talk offline to my clerk.

6  Maybe we can do it, although we try not to get in the business

7  of doing tasks like that for others.  But otherwise, we'll

8  reach out to Ms. Calderon and see what we need to do.

9      MR. FRIEDMAN:  Okay.  If I can just make the Court

10 aware, there is a very likely possibility I will be going for

11 surgery late August.  I don't know if it'll be on or before the

12 23rd.  Actually, I don't have the schedule date yet.  But there

13 is a possibility I may ask for an adjournment at that time

14 because of the surgery.  But (indiscernible) --

15      THE COURT:  Okay.

16      MR. FRIEDMAN:   -- I'm there.

17      THE COURT:  Let me say two important things.  One is

18 good luck with the surgery.  I don't want to -- that's first

19 and foremost.  And also just keep Ms. Nester and her team

20 informed.  I bet she was about to say, of course, we'll work

21 with you on that.  I'm sure she was.  And I'm sure she will.

22      So just keep people informed.  If it needs to be

23 pushed out, we have conferences in this case basically every --

24 or this series of cases pretty much every month.  And we'll get

25 you in the door as available.

**KOSSOFF PLLC**

58

1        MR. FRIEDMAN:  Sorry to hear that.

2        MS. NESTER:  Certainly, Your Honor.

3        MR. FRIEDMAN:  All right.  Thank you very much.

4        THE COURT:  Okay.  Thanks.

5        So Ms. Nester, for now, just filed a notice of

6    adjournment to the 23rd, and if we need to push it further, we

7    will.

8        MS. NESTER:  Yes, Your Honor.  And to say on the

9    record, to the extent it eases Mr. Friedman's anxiety about the

10   scheduling at all, we would certainly be amenable to an

11   adjournment if necessary for his schedule (indiscernible)

12   recovery.

13       THE COURT:  Okay.  Great.

14       MR. FRIEDMAN:  (Indiscernible).

15       THE COURT:  Okay.  Thanks very much.

16       MR. FRIEDMAN:  Okay.

17       THE COURT:  So Mr. Friedman, we're almost done with

18   the calendar anyway, but you're not obliged to stay because

19   your case is, I think, now complete.  So up to you.

20       MR. FRIEDMAN:  Thank you very much.

21       THE COURT:  All right.  Thank you.

22       Okay.  Ms. Nester, on to 23-1115, I think.

23       MS. NESTER:  That's correct.  This is Elite

24   Enterprises of NY, Inc.  The complaint was filed on May 11th.

25   It was seeking to avoid and recover transfers totaling

**KOSSOFF PLLC**

59

1  $2,944,507.20.  The summons was issued on May 11th at docket

2  number 2, setting the answer deadline as June 12th, given the

3  weekend and the rollover to the following business day.

4         THE COURT:  Right.

5         MS. NESTER:  The summons and complaint was served on

6  May 11th, and there had been no response or communications with

7  the defendant.  So on June 15th, we sent our standard default

8  letter, which warned that if we did not have a response within

9  seven days, the trustee would submit a request for entry of a

10  certificate of default pursuant to Rule 7055-1 of the Local

11  Bankruptcy Rules.

12         We have not received a substantive response, and I do

13  not believe, at least to my knowledge, that we've had a bounce

14  back yet, although I do note that less time has elapsed in some

15  of these other matters.  So the defendant remains in default.

16  Our plan proposal would be to seek entry of a default

17  consistent with our approach in other cases, unless the Court

18  would prefer otherwise.

19         THE COURT:  No.  Again, that's fine as in the exercise

20  of your discretion.  I will say, is this a car-service-type

21  business?  What is this?  Do you know?

22         MS. NESTER:  We characterize this as an MCA lender, a

23  merchant cash advance lender.

24         THE COURT:  Oh, okay.  Got it.  Okay.  I mean, it's

25  enough money.  Have you made any independent effort to see if

**KOSSOFF PLLC**

1  they exist and where they are and things like that?

2          MS. NESTER:  We have looked into it, and we have

3  served the complaint on two different very similar corporate

4  names, "Inc.", period, and "Incorporated" written out.  We're

5  trying to reach these folks however we can.

6          THE COURT:  Okay.  Great.  And did you serve through

7  the Secretary of State, as well, or I forget if they're New

8  Jersey or New York?

9          MS. NESTER:  I will confirm, Your Honor.  I believe we

10  reached out to the identified registered agents but --

11          THE COURT:  Okay.

12          MS. NESTER:  -- that's just my --

13          THE COURT:  I'm just meddling.  You're just doing your

14  job.  That's fine.  Proceed as you will.  And really, it'll all

15  become ripe for me to actually rule on if and when you seek a

16  default, or they show up and you're seeking to impose a

17  schedule.  So we'll hope for the latter and await developments.

18          MS. NESTER:  Thank you, Your Honor.

19          THE COURT:  Okay.

20          MS. NESTER:  Thank you, Your Honor.  So the very last

21  item on today's calendar for Kossoff is a status conference in

22  the main case.  And this relates to the Chapter 7's trust --

23  the Chapter 7 trustee's application in connection with the Rule

24  2004 subpoena issued to Ives & Sultan.

25          Most recently, we were before Your Honor for a

**KOSSOFF PLLC**

61

1   conference on June 15th, and on June 16th, the Court entered

2   the order directing Ives & Sultan, LLP to produce documents by

3   June 23rd, 2023.  That's docket number 643.

4           And I apologize.  I should have mentioned that Mr.

5   Lyon is on the line as well today as counsel for Ives & Sultan.

6           THE COURT:  Right.  Yes, I see him.

7           Hello, Mr. Lyon.

8           MR. LYON:  Good morning, Your Honor.

9           MS. NESTER:  So we are happy to report on June 23rd,

10  we received supplemental written responses from counsel.  And

11  on June 28th, we received the production of documents.

12  Yesterday, we received a supplemental replacement production

13  for certain documents that had been password protected and so

14  wanted to express our appreciation for those unlocked

15  documents.

16          Our review of those documents is ongoing, so we

17  respectfully request an adjournment of the conference until

18  August 23rd, when we'll before the Court on other matters, with

19  the hope that we will have made it through the review of these

20  documents, talked about anything we need to talk about, and

21  ultimately the conference is not necessary.

22          THE COURT:  Sound good to you, Mr. Lyon?

23          MR. LYON:  Your Honor, Christopher Lyon with Goldberg

24  Segalla on behalf of Ives & Sultan.  Obviously, Ives & Sultan

25  has been involved in the discovery production longer than

**KOSSOFF PLLC**

62

1    desired.  We do realize that we took a long time to compile all

2    the documents.  There were some IT issues in obtaining all of

3    the custodial accounts, which is what the delay was attributed

4    to.

5            But we did conduct the review of those documents and

6    production in a matter of two days, once we actually had all of

7    the documents.  I don't think an adjournment for a month and a

8    half would be necessarily appropriate or warranted just to see

9    if the trustee is satisfied.  I would suggest that the trustee

10   complete the review within the next two weeks, and we'd be meet

11   and confer within a week after that period of time to see if

12   there are additional documents that the trustee is going to

13   seek or if we can file a certificate of compliance with the

14   subpoena and be done with the --

15           THE COURT:  Right.

16           MR. LYON:  -- discovery process on this.

17           THE COURT:  Okay.  Well, look, let's just say, I hear

18   you.  I think, as a practical matter, I like to keep control

19   dates in place, so I think I'd like to just have the date of

20   August 23rd listed.  And I'll say I hope never to see or hear

21   from you again -- on this case.  You're always welcome in other

22   things.

23           Try to wrap it up.  I appreciate your client's

24   efforts, and it does sound like it took a little -- it was a

25   bit like a diesel engine.  It took a while to get up to speed,

**KOSSOFF PLLC**

63

1  and then you really cranked through.  That's great.  Hopefully

2  you can button it down and not have to come back, but this way

3  we just have baked in a time where you can see me if need be.

4         You're welcome, Mr. Lyon, not to show up if Ms. Nester

5  just wants to report that everything's all over, or you can

6  just submit a informal request, and I'll cancel it if

7  everyone's on the same page that you're done.  Okay.

8         MR. LYON:  Sure.

9         THE COURT:  Okay.  So I don't want to burden you or

10  cause expense, but I do want to have a control date in case.

11        MR. LYON:  I'm perfectly fine with having a control

12  date.  I'd just asked that if we could enter at order setting

13  dates by which the trustee is going to complete the review and

14  that for us to meet and confer prior to that control date, that

15  would be preferable.

16        THE COURT:  Okay.  I see.  Ms. Nester, what do you

17  think about that, and what would those dates be?

18        MS. NESTER:  Your Honor, we will certainly endeavor to

19  make it through the production as quickly as possible and are

20  happy to set a meet and confer date with counsel now.  My

21  concern would be to the extent we have any questions about the

22  production, to say we will be able to say for certain that it's

23  substantially complete or complete by a certain date, I just

24  don't know.  So you know, perhaps --

25        THE COURT:  Yeah.

1          MS. NESTER:  -- (indiscernible).

2          THE COURT:  Well, look.  Yeah, yeah.  Let's do this.
3     I mean, I think, in case, sometimes deadlines focus the mind
4     and as soon as possible is a little inexact.

5          So let's say, try to be complete with your review by
6     Friday of next week, which is, I think, July 21st, and meet and
7     confer by then about any issues you identify and try to be
8     done.  And if you're not done, just talk in good faith.  I
9     mean, there's no magic about the 21st, except that it's soon.
10    And if you agree with Ives & Sultan's counsel to push that out
11    to some interim date, like another week or whatever, that's
12    going to be fine with me.

13         But just get through the work so that you can figure
14    out if there's a further issue.  The other benefit of doing it
15    sooner rather than later is then if there is some further
16    issue, they can try to fix it, rather than have a fire drill,
17    like, the day before the 23rd of August.  Okay.

18         MS. NESTER:  Thank you, Your Honor.  We're fine with
19    those dates.  Would you like us to submit an order to the
20    effect?

21         THE COURT:  Just, I think, just get a -- just order
22    the transcript, and the dates are set forth.  So I'll just
23    restate.

24         So the trustee is going to finish review of the
25    productions received by July 21, if that actually works, and

**KOSSOFF PLLC**

65

1   meet and confer by then and identify any remaining issues.  The

2   parties are at liberty to push that date slightly on mutual

3   consent, but the expectation is they will complete this process

4   in ample time so that if there are any issues, they can be

5   consensually resolved on a nonfire-drill basis.  And in the

6   meantime, I will be holding the 23rd of August as a control

7   date for any disputes that arise.  Okay.  And if there is a

8   dispute, the parties should get letters not to exceed three

9   pages each, setting forth the dispute and what they want me to

10  do.

11          Does that work?  Mr. Lyon is nodding, but let's

12  memorialize that.  Does all that worked for you, Mr. Lyon?

13          MR. LYON:  That's fine for our office, Your Honor.

14          THE COURT:  Okay.  And for the trustee?

15          MS. NESTER:  Yes, Your Honor.

16          THE COURT:  Okay.  That's fine.  I mean, look, you

17  both seem -- I think you both know what you're doing, and I

18  have faith you'll -- not certainty, but pretty good confidence

19  that you'll work this out.  And if not, I'll just see you on

20  the 23rd.  Okay.

21          MR. LYON:  I'm sure we will.  Thank you, Your Honor.

22          THE COURT:  Okay.  Great.  Thank you, Mr. Lyon.

23          Ms. Nester, I think that completes the matters on for

24  today; is that right?

25          MS. NESTER:  That's correct, Your Honor.  So unless

**KOSSOFF PLLC**

66

1   the Court has any further questions about this or any of the

2   other matters, we will see you on August 23rd.

3          THE COURT:  Okay.  I do not have further questions.

4   Thank you for your ongoing efforts.  Take care.  And we're

5   adjourned.

6          MS. NESTER:  Thank you, Your Honor.

7       (Whereupon these proceedings were concluded)

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

67

1

2                                    I N D E X

3    RULINGS:                                        PAGE    LINE

4    Trustee's motion to approve settlement          32       7

5    stipulations is granted

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

68

1

2                    C E R T I F I C A T I O N

3

4   I, River Wolfe, certify that the foregoing transcript is a true

5   and accurate record of the proceedings.

6

7

8

9   _____

10  River Wolfe (CDLT-265)

11  TTA-Certified Digital Legal Transcriber

12

13  eScribers

14  7227 North 16th Street, Suite #207

15  Phoenix, AZ 85020

16

17  Date:  July 15, 2023

18

19

20

21

22

23

24

25

**#**

**#207 (1)**
9:22

**$**

**$2,944,507.20 (1)**
59:1

**A**

**ability (3)**
21:17;26:14;39:9
**able (5)**
24:8;33:19,21;52:6;
63:22
**absence (1)**
27:6
**absent (4)**
44:2;46:6;47:5;
53:24
**Absolutely (1)**
44:16
**acceptable (1)**
44:22
**accompanied (1)**
32:11
**accomplish (1)**
56:9
**account (3)**
17:22;19:17;27:13
**accounts (1)**
62:3
**across (1)**
49:25
**act (1)**
46:16
**action (11)**
18:2;25:15,19,19,
22;27:9,10;28:13,14,
18;45:1
**actions (6)**
17:4,5;18:2;19:11;
26:17;48:22
**actually (8)**
26:8;29:6;40:3;
48:13;57:12;60:15;
62:6;64:25
**additional (1)**
62:12
**address (4)**
20:19;22:13;31:7;
49:20
**addressed (1)**
48:19
**addressee-unknown-type (1)**
44:10
**adjourn (1)**
56:23
**adjourned (3)**
38:20;40:1;66:5

**adjourning (1)**
52:13
**adjournment (9)**
45:19;52:13;56:24;
57:1,13;58:6,11;
61:17;62:7
**Adv (2)**
5:5,12
**advance (1)**
59:23
**adversarial (1)**
36:6
**adversaries (1)**
38:25
**Adversary (42)**
6:2,8,13,18;7:2,7,
12,17,22;8:2,7,12,17;
15:16,21,22;16:15;
17:2;20:10;23:5,17;
38:14;40:4;41:2;43:9,
12,15;44:4;45:7;46:7,
10;48:1;49:4;50:11;
52:9;53:25;54:12,25;
55:25;56:1,6;57:5
**adverse (1)**
31:15
**advise (1)**
35:10
**affects (1)**
25:10
**affidavit (3)**
44:20;47:2;54:6
**Affiliated (1)**
9:5
**affirmatively (1)**
19:15
**afternoon (1)**
45:16
**Again (13)**
16:20;21:10;22:19;
24:1;26:10;30:6;
37:19;47:4;50:17;
52:21;54:5;59:19;
62:21
**against (7)**
17:4;24:13,13,14;
26:20;29:12;49:5
**agenda (6)**
40:12;41:1,5,8,11;
52:20
**agents (1)**
60:10
**agree (2)**
31:9;64:10
**agreed (1)**
49:8
**agreement (2)**
29:7;31:5
**agreements (2)**
27:12;28:4
**agrees (1)**
21:13
**ahead (6)**

35:21;39:7;43:20;
45:23;49:2;54:19
**al (5)**
6:4,15;8:9;15:23;
52:20
**ALBERT (17)**
5:3,10;6:2,8,13,18;
7:2,7,12,17,22;8:2,7,
12,17;17:3;21:12
**alert (1)**
43:5
**alleged (1)**
30:11
**Allow (1)**
52:4
**allowed (3)**
25:17;33:13;50:25
**allowing (1)**
50:5
**alluded (1)**
21:19
**almost (2)**
30:22;58:17
**although (2)**
17:10;27:24;42:20;
57:6;59:14
**always (5)**
21:7;30:3;35:9;
42:4;62:21
**ambiguous (2)**
53:13,14
**amenable (1)**
58:10
**amount (2)**
36:11;49:24
**amounts (1)**
23:9
**ample (1)**
65:4
**anticipate (1)**
42:2
**anxiety (1)**
58:9
**Apartment (2)**
7:9;46:7
**apologies (1)**
18:3
**apologize (4)**
46:14;47:10,11;
61:4
**appeal (1)**
29:9
**appealing (1)**
35:23
**appear (5)**
17:18;19:3;29:1;
35:9;44:5
**appearance (5)**
17:22;49:10,12,16;
50:1
**appeared (1)**
35:16
**appearing (7)**

16:6,11;18:14,15;
36:18;43:18;48:21
**appears (1)**
54:22
**applicable (3)**
18:1;19:5;31:11
**Application (10)**
6:5;9:2;21:16,17,
25;22:1,8;38:2;44:24;
60:23
**Applying (2)**
31:14;53:15
**appreciate (5)**
32:25;40:11;62:23
**appreciation (1)**
61:14
**approach (8)**
17:21;30:23;44:17;
45:17;47:3,17;53:21;
59:17
**appropriate (5)**
35:7;37:6;46:1;
50:1;62:8
**appropriately (1)**
31:25
**approval (18)**
16:16;17:19;18:7;
19:3,4;20:7,23;22:25;
23:23;25:17;27:4;
28:4;29:19,25;32:10,
17;53:18,22
**approve (6)**
21:17;23:16;25:9;
32:8,9;53:16
**approved (3)**
22:18;28:8;45:25
**Approving (1)**
6:5
**April (6)**
46:23;49:5,6,13;
50:12;54:20
**arguing (1)**
31:7
**argument (6)**
26:12;37:11;38:8;
39:9,11,19
**arguments (1)**
51:9
**arise (2)**
55:24;65:7
**arising (3)**
15:16,21;37:13
**arm's (2)**
31:15;32:4
**around (1)**
38:21
**arranged (1)**
29:1
**arrangements (1)**
39:2
**arrival (1)**
20:14
**aside (2)**

29:17;31:22
**assenting (1)**
29:25
**assertive (1)**
48:24
**asserts (2)**
17:7;18:1
**assess (1)**
19:13
**assessing (1)**
30:22
**assessment (1)**
31:2
**assistance (1)**
39:1
**assume (2)**
38:10;48:20
**assuming (1)**
44:21
**attached (1)**
22:1
**attempt (2)**
42:1;44:1
**attempting (1)**
17:5
**attend (1)**
15:8
**attorney (1)**
18:14
**Attorneys (7)**
11:3,12;12:3,12;
13:3,11,19
**attributed (1)**
62:3
**audio (5)**
23:25;25:14,23;
35:25;39:11
**August (15)**
36:13,20,24;37:11;
38:5;45:19;52:7,13;
56:23;57:11;61:18;
62:20;64:17;65:6;
66:2
**authority (1)**
28:5
**automatically (1)**
51:6
**available (4)**
30:17;32:4;37:7;
57:25
**Avenue (4)**
11:4,13;12:4,14
**avoid (3)**
46:24;54:21;58:25
**avoidance (1)**
26:17
**avoids (1)**
31:17
**await (1)**
60:17
**aware (3)**
26:22;37:19;57:10
**away (1)**

39:18
**AZ (1)**
9:23

## B

**back (6)**
18:10;38:22;48:6;
56:16;59:14;63:2
**backs (4)**
46:16;53:1,3,8
**baked (1)**
63:3
**BALSAMO (1)**
13:18
**Bankruptcy (19)**
5:17,24;9:6;15:21;
18:24;21:18;28:6,6;
30:2;37:13;40:5;
49:11;55:3,21,23,25;
56:3,4;59:11
**Banyan (2)**
7:19;48:1
**Barasky (5)**
8:4;50:11,22;51:12,
18
**based (5)**
25:23;27:16;28:18;
29:3;32:4
**bases (1)**
17:6
**basically (4)**
17:23;25:12;36:17;
57:23
**basis (6)**
17:25,25;27:15;
29:15;48:17;65:5
**bear (3)**
32:6;38:5;47:16
**bearing (1)**
22:8
**become (1)**
60:15
**begin (1)**
15:15
**behalf (10)**
16:4;21:12;22:20;
24:25;32:21;33:24;
37:4;41:13,16;61:24
**beneficial (3)**
28:9;31:18;32:3
**benefit (2)**
17:7;64:14
**Berger (1)**
21:25
**bespoke (1)**
48:13
**best (3)**
21:21;31:12;55:18
**bet (1)**
57:20
**better (1)**
22:5

**bit (3)**
24:4;27:23;62:25
**Bond (2)**
13:10;41:16
**Borriello (1)**
23:3
**Boswell (2)**
22:24;23:6
**both (4)**
16:5;37:7;65:17,17
**bounce (6)**
46:16;48:6;53:1,3,
7;59:13
**bow (1)**
49:25
**Bowling (1)**
5:18
**brief (2)**
35:20;37:16
**briefing (3)**
37:1,25;38:11
**bring (2)**
28:7;35:24
**bringing (2)**
18:2;26:17
**broader (1)**
23:13
**Brooklyn (1)**
13:21
**brought (5)**
17:2,4;26:19;29:12;
32:6
**burden (1)**
63:9
**bureaucratically (1)**
33:13
**business (3)**
57:6;59:3,21
**button (1)**
63:2

## C

**Calderon (3)**
55:10;56:8;57:8
**calendar (11)**
15:3,5,15;20:7,20;
28:24;38:22;42:20;
48:18;58:18;60:21
**calendared (1)**
20:11
**call (4)**
15:20;26:15;36:19;
40:6
**called (4)**
16:25;29:2;55:22,
25
**came (1)**
20:9
**camera (1)**
40:8
**can (40)**
15:13,14;19:20;

21:7,7;22:13;23:15;
24:3,4,11;26:1;30:21;
33:7,13;34:18,23;
35:10;37:6,7,18;
40:14;42:9,10;45:25;
48:11;50:2;52:3;56:8,
9;57:4,6,9;60:5;
62:13;63:2,3,5;64:13,
16;65:4
**cancel (1)**
63:6
**CAPACITY (2)**
5:3,10
**Capital (2)**
7:19;48:1
**care (2)**
39:22;66:4
**carefully (2)**
18:5;19:7
**car-service-type (1)**
59:20
**case (44)**
15:8,16,19,20;
16:25;17:9,18;19:3;
22:17,22;23:13;
26:24;27:19;28:21;
31:1;33:11;34:5,15;
36:7;38:16,20;40:1,3,
6;41:1;43:16,21;
45:17;47:21;48:17,
17;50:14;52:20;
54:23;55:22,23;56:3,
4;57:23;58:19;60:22;
62:21;63:10;64:3
**cases (13)**
17:3;33:14,15,22,
25;34:12,22;35:1;
40:4;44:14;54:9;
57:24;59:17
**cash (2)**
31:21;59:23
**cash- (1)**
28:9
**cause (4)**
25:18,19;28:20;
63:10
**causes (2)**
25:15,22
**cautious (1)**
17:21
**Center (1)**
13:12
**certain (4)**
35:24;61:13;63:22,
23
**certainly (7)**
30:22;35:7;49:24;
52:16;58:2,10;63:18
**certainty (1)**
65:18
**certificate (5)**
44:23;48:9;49:18;
59:10;62:13

**challenging (1)**
17:24
**Chalron (1)**
13:3
**chambers (2)**
37:8;55:9
**chambers' (1)**
40:19
**chance (3)**
20:21;21:5;33:8
**changed (1)**
18:9
**CHAPTER (11)**
5:4,11;16:2;17:2;
21:12;22:20;40:18;
41:1;54:23;60:22,23
**characterize (1)**
59:22
**chart (7)**
40:12,19,22;41:5,6;
47:7,9
**chosen (1)**
27:10
**CHRISTOPHER (2)**
11:8;61:23
**Circuit's (1)**
30:5
**cites (1)**
41:4
**claim (6)**
17:24;26:13,25;
28:19,20;31:8
**claims (9)**
23:8;26:22;27:14;
29:7,12;30:11,13;
32:5;42:23
**claims' (1)**
29:3
**clarity (1)**
23:12
**clean (2)**
32:19;33:8
**clear (2)**
18:23;23:15
**clearly (7)**
26:25;27:18;29:18,
24;30:15;32:3;50:7
**clerk (4)**
36:15,15;44:22;
57:5
**clerk's (3)**
44:3;45:1;56:9
**clients (1)**
18:16
**client's (1)**
62:23
**close (1)**
42:6
**Code (1)**
28:6
**cognizable (2)**
29:10,13
**Colgate (7)**

6:15;13:11;41:11,
16,20,25;42:18
**colleague (3)**
16:3;23:3;44:12
**colleagues (1)**
41:25
**collectively (1)**
28:7
**colloquially (1)**
55:23
**comfort (1)**
53:21
**comfortable (1)**
50:4
**coming (1)**
54:6
**comment (3)**
17:17;21:8;35:20
**comments (2)**
27:25;28:1
**Commonwealth (1)**
48:5
**communication (1)**
44:10
**communications (2)**
43:24;59:6
**company (1)**
22:24
**Compelling (1)**
9:5
**compile (1)**
62:1
**complaint (13)**
25:15,19,21,22;
44:6;46:23;47:7;49:5;
50:12;54:20;58:24;
59:5;60:3
**complete (8)**
27:22;58:19;62:10;
63:13,23,23;64:5;
65:3
**completes (1)**
65:23
**completing (1)**
33:3
**compliance (1)**
62:13
**Comply (1)**
9:6
**comprehensible (1)**
42:9
**comprehensive (4)**
21:15;34:3;35:13,
22
**concern (4)**
29:17;34:19;44:15;
63:21
**concerned (1)**
19:6
**concerns (4)**
22:3,14;53:18,20
**conclude (3)**
30:6,25;31:10

**concluded (1)**
66:7
**concludes (1)**
32:16
**conduct (2)**
51:23;62:5
**confer (9)**
45:16;51:18,22,24;
62:11;63:14,20;64:7;
65:1
**Conference (28)**
6:11,16,21;7:5,10,
15,20,25;8:5,10,15,
20;9:2;15:15;40:25;
41:10,19,20;43:23;
45:13;50:13;51:4;
52:22;54:4;60:21;
61:1,17,21
**conferences (5)**
23:4;34:9;38:24;
41:8;57:23
**confidence (1)**
65:18
**confirm (2)**
46:16;60:9
**confirmed (2)**
19:14;53:7
**conjunction (1)**
25:16
**connection (2)**
15:14;60:23
**consensual (2)**
23:8;42:7
**consensually (1)**
65:5
**consent (2)**
52:2;65:3
**consider (6)**
23:21;29:9;34:18,
20;40:5;51:25
**consideration (1)**
27:15
**considerations (1)**
21:24
**consistent (4)**
28:1;40:20;47:3;
59:17
**contact (4)**
34:20;40:23;49:21;
52:25
**contacted (1)**
49:6
**contain (1)**
34:23
**contained (1)**
18:8
**contention (4)**
26:5,9;30:15,19
**contentions (5)**
26:11,25;29:3;
30:16;31:9
**continue (3)**
45:16;52:24;56:22

**contours (1)**
23:13
**control (5)**
62:18;63:10,11,14;
65:6
**conversations (1)**
24:7
**convince (1)**
26:1
**copies (3)**
24:11;33:12,22
**copy (3)**
34:7,10;40:22
**corporate (1)**
60:3
**correspond (1)**
41:5
**counsel (24)**
16:2;26:21;31:16;
40:18;41:24;42:18;
45:8,15;48:18;49:6,9,
15,20,22;50:22;51:8,
11,13,18,22;61:5,10;
63:20;64:10
**couple (2)**
23:24;33:10
**coupled (1)**
15:9
**course (6)**
20:10;22:12;30:22;
40:24;42:22;57:20
**Court (148)**
5:17;15:2;16:5,9,
11,20,24;17:11;18:19,
22;19:25;20:2,6,23;
21:2,4,19;22:15;
23:10,16,16;24:2,11,
15,21;25:3,6,9,20,24;
26:1,3,8;28:3,14;
32:23;33:2,19;34:6,
20,25;35:2,21;36:8,
12;37:9,23;38:18;
39:7,13,15,18,22,25;
40:3,11;41:12,17;
42:4,14,17;43:8,11,
16,20;44:7,9,13,17,
25;45:4,11,21,23,25;
46:5,9,19;47:6,14,20,
24;48:9,10,16;49:11,
14,19,23;50:7,16,17,
20,25;51:2,8,11,15,
22;52:15;53:5,10;
54:2,8,11,16,19;55:1,
4,5,10,13,16,20;
56:14,25;57:9,15,17;
58:4,13,15,17,21;
59:4,17,19,24;60:6,
11,13,19;61:1,6,18,
22;62:15,17;63:9,16,
25;64:2,21;65:14,16,
22;66:1,3
**courtroom (1)**
36:23

**courts (1)**
30:3
**Court's (2)**
23:25;28:5
**cover (1)**
35:14
**covered (1)**
38:13
**cranked (1)**
63:1
**crazy (1)**
19:25
**creditor (2)**
26:2;36:5
**creditors (2)**
31:12;32:3
**Curanovic (2)**
8:9;52:20
**curious (1)**
42:20
**current (1)**
24:13
**currently (1)**
56:21
**custodial (1)**
62:3
**cutoff (1)**
18:1

## D

**DANA (1)**
14:4
**date (25)**
18:1;20:13,18;36:9,
13,17;37:6,20;38:1,1,
5;45:19;50:17;52:13;
56:24;57:12;62:19;
63:10,12,14,20,23;
64:11;65:2,7
**dates (11)**
36:24,24;37:2,7,12;
42:11;62:19;63:13,
17;64:19,22
**DAVID (1)**
5:23
**day (8)**
27:21;35:14,15,17;
39:24;53:11;59:3;
64:17
**days (8)**
35:13;36:20;38:11;
44:2;49:17;50:2;59:9;
62:6
**deadline (6)**
43:23;47:1,8,13;
49:9;59:2
**deadlines (2)**
43:4;64:3
**deal (1)**
55:7
**Debtor (3)**
9:5;14:3;24:14

**debtor's (1)**
21:22
**decide (2)**
52:5,6
**decision (2)**
29:9;39:10
**declaration (1)**
21:25
**deemed (1)**
44:22
**default (29)**
43:25,25;44:1,3,4,
21,23;45:14;46:12,13,
15,18,23;47:5;48:2,3,
9,12;49:18,25;52:23;
53:4;54:4,6;59:7,10,
15,16;60:16
**defend (1)**
31:1
**Defendant (26)**
5:8,15;14:4;17:10;
27:9;30:21,25;43:9,
24;45:14;46:13,15,
23;48:2,18;50:13;
51:19,21,23;52:4;
54:4,22,24;56:1;59:7,
15
**defendants (11)**
17:4;19:11;22:23,
25;24:17;27:10;
35:25;44:5;52:22,23,
24
**defendant's (1)**
47:4
**defense (7)**
27:9,11;30:12,21;
45:8,15;51:8
**defenses (5)**
19:10,12;26:22;
27:14;32:5
**deficiency (1)**
30:11
**deficient (1)**
56:11
**definitely (1)**
47:15
**delay (2)**
31:17;62:3
**demand (1)**
49:24
**depending (1)**
38:8
**deputy (1)**
36:23
**describing (3)**
50:9;53:17,19
**description (1)**
53:12
**desire (4)**
18:9;27:7;29:21;
52:16
**desired (1)**
62:1

**desk (1)**
44:11
**determination (1)**
19:13
**determined (1)**
30:24
**developed (1)**
29:16
**developments (1)**
60:17
**diesel (1)**
62:25
**different (1)**
60:3
**difficulty (2)**
49:7,10
**direct (3)**
17:22;32:9;51:17
**directed (2)**
15:7;17:24
**Directing (2)**
9:3;61:2
**disagreement (1)**
43:6
**discerned (1)**
15:4
**Disclose (1)**
9:3
**discovery (14)**
41:23;42:11;43:3,4;
51:6,7,9,14,17,24,24;
52:8;61:25;62:16
**discretion (1)**
59:20
**discussed (4)**
43:5;51:4,11;53:8
**discussion (1)**
56:19
**discussions (1)**
42:10
**dismiss (5)**
25:14,18;28:18;
50:14;51:6
**dispositive (1)**
39:12
**dispute (6)**
19:9;31:7;34:19;
43:6;65:8,9
**disputed (1)**
26:5
**disputes (2)**
30:19;65:7
**dissolution (3)**
48:5,8,14
**district (3)**
50:16;51:1,8
**disturb (1)**
27:16
**docket (14)**
15:22;38:2;40:6;
41:1,2;42:8;47:1,2;
50:15;54:24,25;56:5;
59:1;61:3

docketed (8)
17:12;26:24;28:13,
15;30:16;49:17;56:4;
57:4
document (3)
15:8;20:9;56:11
Documents (12)
9:3;56:21;61:2,11,
13,15,16,20;62:2,5,7,
12
dollars (2)
28:7;54:22
done (8)
30:24;42:19;44:4;
58:17;62:14;63:7;
64:8,8
door (1)
57:25
double (1)
25:3
down (3)
33:7;49:25;63:2
drill (1)
64:16
dropped (2)
24:19;25:1
due (1)
20:17
duration (1)
26:16

## E

earlier (3)
18:1;28:21;31:19
early (1)
31:19
eases (1)
58:9
easily (3)
30:7;31:11;33:6
ECF (3)
19:3;20:24;28:13
ECRO (1)
5:25
effect (2)
37:21;64:20
efficient (1)
45:17
effort (1)
59:25
efforts (2)
62:24;66:4
eighth (1)
50:10
either (6)
32:19;37:11;38:11;
43:3;52:24;53:8
elapsed (1)
59:14
elected (1)
42:1
ELECTRONIC (2)

5:25;56:14
ELENI (1)
12:18
eliminate (1)
34:4
ELITE (3)
5:14;8:19;58:23
else (7)
16:11,14,17;35:10;
41:23;43:11;56:9
email (1)
49:19
end (2)
15:14;35:16
endeavor (1)
63:18
ends (1)
33:11
engaging (1)
56:21
engine (1)
62:25
enough (2)
48:10;59:25
ensure (1)
18:6
enter (4)
30:24;44:18,22;
63:12
entered (3)
17:12;30:1;61:1
ENTERPRISES (4)
5:14;8:19;13:3;
58:24
entirely (3)
30:10;45:1;51:1
entitled (1)
37:15
entitlement (2)
18:10;27:19
entity (1)
48:14
entry (7)
44:3,4;46:18;47:5;
48:12;59:9,16
equitable (2)
21:21;31:12
eScribers (1)
9:21
especially (1)
31:20
ESQ (9)
11:8,17;12:8,18,19;
13:7,15,23;14:4
established (4)
21:19;23:19;29:18;
30:4
estate (16)
17:8;18:24;21:21,
22;24:18,19,22,25;
25:4;28:8,9;31:13,19,
20,24;32:3
estate's (1)

31:21
et (5)
6:4,15;8:9;15:23;
52:20
evaluate (2)
19:13;30:22
evaluating (1)
31:24
even (4)
22:6;29:10;31:22;
32:1
event (1)
36:10
everyone (5)
15:2,5;18:11;19:16;
39:24
everyone's (1)
63:7
everything's (1)
63:5
exceed (2)
52:3;65:8
except (1)
64:9
exchange (3)
42:1,3;56:21
exclusively (1)
29:15
excuse (1)
32:9
exercise (1)
59:19
Exhibit (1)
22:1
exist (1)
60:1
existence (2)
19:11;32:13
expect (1)
15:6
expectation (1)
65:3
expense (2)
31:17;63:10
explain (2)
53:3;55:20
explained (1)
16:25
explanation (2)
15:18;48:13
explicitly (2)
29:20,21
exploring (1)
43:2
express (1)
61:14
extend (1)
49:8
extent (5)
41:3;43:3;47:16;
58:9;63:21
extra (1)
49:1

## F

face (1)
22:6
facility (3)
15:13,13;39:1
fact (4)
24:19;30:15;31:10;
48:7
factor (1)
32:1
factors (3)
21:20;30:6;31:14
facts (2)
35:24;36:2
failed (1)
44:5
failing (1)
49:1
failure (1)
25:19
faintly (1)
24:4
fair (5)
21:20;29:9;31:1,11;
35:2
fairly (2)
37:18;39:12
faith (3)
51:25;64:8;65:18
Farber (1)
11:12
federal (1)
55:4
feel (1)
40:23
feeling (1)
26:4
few (1)
22:23
Fifth (1)
12:4
figure (1)
64:13
file (13)
17:14,15;20:16;
28:17;37:16;44:20;
46:1;49:9;50:18;
52:12;56:24,25;62:13
Filed (31)
6:5;9:2;15:8;17:16;
20:8,17,24;28:3;32:8,
13;40:25;43:23;
46:23;47:2;49:5,11,
12;50:12,13,15;54:20,
22,23;55:18,19;56:2,
2,11;57:3;58:5,24
filing (3)
28:12;49:11;55:17
filings (2)
41:4,4
final (1)

46:16
financial (1)
29:13
find (1)
41:3
fine (24)
16:24;32:12,15;
33:18;35:7;37:23;
42:4;43:8;44:18,25;
46:19;47:15;50:9;
52:15;54:8;56:15,25;
59:19;60:14;63:11;
64:12,18;65:13,16
finish (1)
64:24
finishes (1)
46:20
fire (1)
64:16
firm (1)
37:10
first (15)
15:12,20;20:3,4,22;
21:7;24:6,14;25:14,
18;26:11;28:15;
41:10,10;57:18
fit (2)
23:12;40:15
fix (2)
32:20;64:16
fixable (1)
33:6
Floor (2)
11:14;12:15
fly (1)
52:10
focus (1)
64:3
folks (1)
60:5
followed (1)
49:25
following (3)
26:11;37:24;59:3
foot (1)
55:4
foremost (1)
57:19
forget (1)
60:7
form (1)
55:18
formal (3)
41:22;42:11;43:3
formally (1)
27:11
forth (4)
21:24;26:24;64:22;
65:9
forward (17)
18:9,11,16;19:1,16;
23:2;27:1,7;30:17;
36:2;40:20;44:23;

46:17;49:14,17;50:6;
51:7
**found (1)**
33:4
**frankly (1)**
22:9
**free (2)**
40:23;42:19
**Friday (1)**
64:6
**Friedman (25)**
6:10;14:4;54:12,13,
15,17,18;55:2,3,6,11,
12,15,17;56:10,13;
57:4,9,16;58:1,3,14,
16,17,20
**Friedman's (2)**
55:1;58:9
**front (2)**
41:9;44:12
**frustrated (2)**
25:25;26:4
**full (1)**
30:25
**Fully (1)**
9:6
**funds (1)**
17:5
**Further (13)**
30:19;36:11;43:14,
16;46:6;47:15;53:24;
54:12;58:6;64:14,15;
66:1,3
**FUSCALDO (1)**
11:11
**future (2)**
20:13;42:3

## G

**Gallego (24)**
16:3;18:4,20,21;
19:20;20:1,3;21:10,
11;22:19,20;24:21,24,
24;25:5;32:18,21,21,
24;33:24,24;37:4,4;
38:17
**Gallegos (2)**
20:22;24:17
**general (4)**
31:5;44:13;53:2,21
**generally (1)**
35:6
**gets (1)**
38:4
**girl (1)**
55:8
**given (3)**
23:19;36:2;59:2
**gives (1)**
30:12
**goes (1)**
42:17

**GOLDBERG (2)**
11:2;61:23
**golden (1)**
28:20
**Good (19)**
15:2;16:1;21:9;
35:16;39:3;41:15;
45:9,11,12;51:25;
52:17;53:5,11;54:18;
57:18;61:8,22;64:8;
65:18
**GRAND (7)**
12:8;16:8,10,10;
18:13,16,18
**granted (2)**
25:17;36:10
**Great (17)**
16:5,11,20;32:24;
33:2;34:6;38:18;
39:24;40:11;42:7;
45:11;54:16;55:7;
58:13;60:6;63:1;
65:22
**Green (1)**
5:18
**ground (2)**
31:2;38:13
**guess (9)**
16:24;27:21;39:13;
41:19,21;48:11,25;
50:2;53:2

## H

**half (1)**
62:8
**HALL (11)**
13:18,23;45:9,10,
11,12,15,20,22,24;
46:4
**handle (1)**
15:24
**handled (1)**
44:25
**handling (1)**
16:3
**hang (1)**
33:19
**happen (3)**
38:20;44:19;57:2
**happening (1)**
26:19
**happens (1)**
44:14
**happy (3)**
22:12;61:9;63:20
**harm (1)**
29:10
**hear (14)**
16:21;20:12,17;
24:3;26:6;36:25;
37:23;38:11,11,21;
41:20;58:1;62:17,20

**heard (13)**
16:15;17:13;19:22;
23:15;28:23;29:6;
33:3;35:5,14;38:4;
39:19;52:9,23
**hearing (6)**
28:2;32:14;35:5;
36:9;40:21;48:3
**hearings (1)**
34:23
**Hello (1)**
61:7
**help (2)**
33:8;34:4
**helpful (7)**
15:19;23:10;24:5;
34:11;40:16;42:21;
47:7
**hesitation (1)**
49:23
**holding (2)**
37:12;65:6
**Holdings (2)**
7:9;46:7
**HON (1)**
5:23
**honestly (2)**
24:10;33:12
**Honor (71)**
16:1,19;18:21;20:5;
21:10,13,14,19,24;
22:7,11,14,19;23:9;
24:7,7,25;32:21,24;
33:24;34:2,21;35:19;
37:4;38:17;39:6;
40:10,17;41:15,24;
42:13,15,25;43:13,19;
44:16,20;45:6,9,13,
20,24;46:3,4;47:11,
19;48:15;49:3;50:4,
10,24;51:3,20;52:11,
19;53:23;58:2,8;60:9,
18,20,25;61:8,23;
63:18;64:18;65:13,
15,21,25;66:6
**Honor's (4)**
21:17;22:3,25;
32:25
**hoodwinking (1)**
30:14
**hope (5)**
44:22;56:22;60:17;
61:19;62:20
**Hopefully (1)**
63:1
**huge (1)**
24:12

## I

**identified (1)**
60:10
**identify (3)**

48:19;64:7;65:1
**identifying (2)**
30:10;48:25
**ie (1)**
25:17
**II (1)**
9:5
**immediately (1)**
40:25
**impact (3)**
24:12;25:20;29:13
**impacts (1)**
36:5
**impediment (1)**
19:18
**implicitly (2)**
19:15;21:13
**important (1)**
57:17
**impose (1)**
60:16
**inadvertent (1)**
33:5
**inadvertently (1)**
32:19
**INC (6)**
5:14;7:14;8:19;
46:22;58:24;60:4
**include (1)**
26:20
**includes (1)**
41:3
**incorporate (2)**
27:25;32:14
**Incorporated (1)**
60:4
**incumbent (1)**
48:21
**independent (2)**
52:16;59:25
**independently (1)**
27:5
**indicated (1)**
27:7
**indiscernible (14)**
21:3;24:20;25:2;
26:2;39:8;43:7,10;
54:15;55:15;56:13;
57:14;58:11,14;64:1
**individual (3)**
28:12;29:5;55:24
**INDIVIDUALLY (17)**
5:3,10;6:3,9,14,19;
7:3,8,13,18,23;8:3,8,
13,18;17:9;26:21
**induce (1)**
50:8
**inexact (1)**
64:4
**infirmities (1)**
22:4
**influences (1)**
47:16

**informal (3)**
56:18,21;63:6
**Information (3)**
9:4;49:21;56:22
**informed (3)**
31:2;57:20,22
**inherent (1)**
51:4
**initiated (1)**
34:24
**inquiries (1)**
55:14
**instead (1)**
27:11
**intend (4)**
44:3;47:4;51:23;
54:5
**intended (1)**
53:17
**intending (1)**
18:16
**interest (2)**
18:24;21:21
**interested (2)**
34:16;35:10
**interesting (1)**
42:21
**interests (1)**
31:12
**interference (5)**
23:25;25:14,23;
35:25;39:11
**INTERIM (3)**
5:4,11;64:11
**internally (1)**
37:6
**interposed (1)**
25:16
**interrupt (1)**
53:10
**intervene (9)**
15:9;17:10;20:9;
23:18;25:18;26:12;
27:19;28:16,22
**intervention (3)**
20:13;25:13;36:13
**into (10)**
17:22;19:17;26:12;
27:13;30:1;31:23;
37:11;41:22;43:3;
60:2
**introductory (2)**
19:23;26:18
**invalid (2)**
28:19;30:13
**invalidity (1)**
29:4
**investigated (1)**
26:23
**inviting (1)**
17:13
**involuntary (1)**
48:4

**involved (1)**
61:25
**involves (1)**
37:25
**involving (1)**
42:24
**Iridium (4)**
21:20;30:5,6;31:14
**IRS (7)**
17:24;26:2,13,25;
28:18;31:8;36:5
**IRS' (1)**
29:3
**issue (6)**
26:7;27:8;36:4,7;
64:14,16
**issued (4)**
46:25;47:12;59:1;
60:24
**issues (5)**
19:8;62:2;64:7;
65:1,4
**item (5)**
47:25;49:3;50:10;
52:19;60:21
**Ives (9)**
9:3,5;11:3;60:24;
61:2,5,24,24;64:10

**J**

**Jared (1)**
23:3
**Jeremy (1)**
42:24
**Jersey (1)**
60:8
**job (2)**
32:24;60:14
**John (7)**
16:3;21:11;22:20;
24:24;32:21;33:24;
37:4
**join (2)**
45:20,24
**JONES (2)**
5:23;15:2
**JPR (1)**
15:16
**JUDGE (2)**
5:24;15:2
**judges (1)**
33:3
**judgment (2)**
48:12;50:2
**judicial (1)**
43:6
**July (9)**
5:20;17:11,12,12,
16;28:14,15;64:6,25
**June (18)**
43:24;46:14;47:2,8,
13,14;49:8,9;50:15,

19;54:5;59:2,7;61:1,
1,3,9,11
**JURELLER (1)**
13:2

**K**

**keep (4)**
24:4;57:19,22;
62:18
**kick (1)**
41:22
**kind (2)**
40:15;50:5
**King (2)**
13:10;41:16
**KLESTADT (1)**
13:2
**knowledge (2)**
55:18;59:13
**known (1)**
48:22
**knows (1)**
15:5
**KOSSOFF (84)**
14:3;15:6,8,13,14,
17,21;16:13,14,18,19,
22,23;17:9,18;19:24,
24;20:1,5,6,19,22,25;
21:3,5,9;22:6,12;
23:14,24,24,6,16,
22;25:7,8,12;26:3,20;
28:12,16;29:1,5,8,10,
22;30:10;32:8;33:11,
14,15,17,20,23,25;
34:2,10,12,21;35:1,
12,19,22;36:20;37:13,
15,18;38:4,23;39:6,7,
8,14,17,21,23,24;
40:4,9;42:24;55:23;
56:3,5;60:21
**Kossoff's (9)**
17:14;18:8,25;19:8;
22:3,7;30:12,16;31:6

**L**

**lack (2)**
22:4;27:6
**LAMPL (1)**
11:11
**last (6)**
16:14;20:9,14;
26:24;30:16;60:20
**late (3)**
47:17;49:6;57:11
**later (11)**
20:18,21;21:5,8;
26:7;28:23;34:9;
36:10;37:10,21;64:15
**latter (1)**
60:17
**launch (1)**

43:3
**lawsuit (4)**
25:11;26:19;29:7,
11
**lawsuits (1)**
55:24
**lawyer (2)**
33:4;55:2
**LAX (1)**
12:2
**lead (1)**
33:7
**leading (1)**
33:1
**least (4)**
17:25;27:13;55:22;
59:13
**leave (1)**
51:23
**LEECH (1)**
11:11
**left (1)**
22:23
**lender (2)**
59:22,23
**length (2)**
31:15;32:4
**less (4)**
47:17;53:14;54:21;
59:14
**letter (12)**
17:15;22:9;38:2;
43:25;44:1;46:13;
48:3,7;49:24;52:2;
54:5;59:8
**letters (1)**
65:8
**Leyah (1)**
11:12
**liberty (1)**
65:2
**likely (1)**
57:10
**likewise (1)**
22:2
**limitations (1)**
26:15
**limited (1)**
25:13
**Lincoln (1)**
13:12
**line (1)**
61:5
**list (3)**
48:1;49:4;50:11
**listed (1)**
62:20
**litigation (5)**
24:20,23;30:23;
31:18;36:11
**litigations (3)**
24:13,13;37:22
**litigiousness (1)**

34:4
**little (9)**
17:1;24:3,3;27:23;
32:12;53:13,14;
62:24;64:4
**LLC (7)**
7:9,19;9:21;11:11;
12:13;15:21;46:7
**LLP (8)**
9:3,6;11:2,3;12:2,
11;13:2;61:2
**Local (1)**
59:10
**logistical (1)**
38:15
**long (2)**
49:9;62:1
**longer (1)**
61:25
**look (4)**
37:14;62:17;64:2;
65:16
**lookback (1)**
26:16
**looked (1)**
60:2
**looking (1)**
39:10
**loose (1)**
33:11
**LORI (1)**
11:17
**lot (2)**
18:4;24:7
**lots (1)**
55:24
**love (1)**
39:9
**lowest (1)**
21:23
**Ltd (1)**
13:3
**luck (2)**
39:4;57:18
**LYON (16)**
11:8;61:5,7,8,22,23,
23;62:16;63:4,8,11;
65:11,12,13,21,22

**M**

**magic (1)**
64:9
**mail (3)**
17:11;34:10;44:7
**main (5)**
40:6;55:22;56:2,4;
60:22
**makes (1)**
24:7;37:11;47:6
**making (4)**
25:14;39:1,10;52:7
**manage (1)**

24:11
**many (3)**
36:5,6;37:21
**march (1)**
40:14
**mark (1)**
41:18
**Massachusetts (1)**
48:5
**material (1)**
29:13
**matter (15)**
32:1;35:11,17;
38:22;40:9;41:10,11;
42:2,19;49:13;50:12;
52:12;53:24;62:6,18
**matters (15)**
15:6,17;19:12;35:8,
14;37:13;38:16,24;
40:12,20;42:19;
59:15;61:18;65:23;
66:2
**may (35)**
15:18;18:4;22:14;
34:21,24;35:20;
40:15,21;41:3;43:1,6,
22,23;45:13,17,17;
46:12,13,25;47:1,12;
48:2,4,7;50:13;51:4;
52:6,6,21;54:4;55:6;
57:13;58:24;59:1,6
**maybe (4)**
17:5,25;49:1;57:6
**MCA (1)**
59:22
**Mean (7)**
19:24;47:15;51:16;
59:24;64:3,9;65:13
**means (1)**
39:11
**meant (2)**
20:3;48:16
**meantime (2)**
39:4;65:6
**measuring (1)**
28:20
**Mechanical (1)**
15:16
**meddling (1)**
60:13
**meet (8)**
31:10;51:17,24;
62:10;63:14,20;64:6;
65:1
**MELEKOU (1)**
12:18
**memorialize (2)**
34:8;65:12
**mention (2)**
24:18;38:9
**mentioned (4)**
34:2;40:19;52:14;
61:4

**merchant (1)**
59:23

**merits (4)**
19:9;31:4,8;52:9

**messaging (1)**
36:23

**met (1)**
30:7

**might (4)**
28:21;34:4;36:10;
54:6

**Mike (1)**
27:24

**mind (4)**
38:6;39:12;47:16;
64:3

**mine (1)**
52:16

**Minta (3)**
16:1;40:17;41:24

**Mintz (1)**
13:3

**minute (1)**
27:3

**minutes (1)**
26:1

**misstated (1)**
32:19

**misstatement (1)**
33:6

**MITCHELL (5)**
14:3;15:7;17:9,17;
28:12

**money (4)**
24:9;36:1;54:9;
59:25

**month (3)**
39:3;57:24;62:7

**moot (1)**
25:21

**more (6)**
17:21;35:6;37:6;
48:24;50:5;54:9

**morning (8)**
15:2;16:1;41:15;
45:9,11,12;54:18;
61:8

**most (3)**
45:17;54:9;60:25

**mother (1)**
24:18

**motion (49)**
15:7,9,11;16:4,15;
17:11,19;19:3;20:4,5,
7,9,13,18,23;21:6;
22:4;23:16,18,21,23;
25:12,13,14,16,17,18,
24;26:7;28:3,11,18,
22,22;29:1;32:9,11,
17;36:9,13;37:20;
39:9;50:14,16,21;
51:5,5,8,9

**motions (3)**

27:4;30:3;34:23

**movant (1)**
21:7

**move (9)**
43:14,17;44:23;
45:7;46:6;49:14,17;
51:7;53:25

**moved (1)**
17:10

**moves (1)**
28:16

**moving (3)**
23:2;31:6;54:11

**Mrs (1)**
23:6

**much (6)**
39:22;43:1;57:24;
58:3,15,20

**multiple (1)**
51:19

**must (1)**
30:13

**muster (1)**
30:8

**mutual (1)**
65:2

**myself (3)**
33:4;40:14;41:18

**N**

**name (1)**
50:23

**names (1)**
60:4

**nature (3)**
27:8;30:10,20

**near (1)**
42:3

**necessarily (3)**
18:10;31:25;62:8

**necessary (3)**
20:13;58:11;61:21

**need (23)**
19:23;26:6;32:18,
20;34:9;38:8,13,15;
41:21,22;43:6,11;
44:18;45:2,4;47:21;
50:8;53:16,18;57:8;
58:6;61:20;63:3

**needs (5)**
31:21,24;32:12;
55:18;57:22

**negative (1)**
25:4

**neglected (1)**
24:18

**negotiated (2)**
27:12;30:25

**negotiation (1)**
31:15

**negotiations (1)**
32:4

**NESTER (77)**
16:1,1;40:8,10,17,
17;41:13,24,24;42:12,
13,23,25;43:10,13,22;
44:8,11,16,20;45:3,6,
13;46:3,6,10,21;
47:10,19,23,25;48:15,
24;49:3,21;50:4,10,
19,21;51:3,13,20;
52:11,19;53:6,23;
54:3,11,19,20;55:21;
56:3,16,20;57:19;
58:2,5,8,22,23;59:5,
22;60:2,9,12,18,20;
61:9;63:4,16,18;64:1,
18;65:15,23,25;66:6

**nevertheless (4)**
17:20;27:1;28:25;
30:18

**NEVILLE (1)**
12:2

**New (10)**
5:19,19;11:6,15;
12:6,6,16;13:5;60:7,8

**next (5)**
36:20;40:3;52:19;
62:10;64:6

**Nice (5)**
16:5,20;54:16,16,
16

**nodding (1)**
65:11

**NOHAVICKA (1)**
12:11

**nomenclature (1)**
55:22

**nonappearance (1)**
19:16

**none (1)**
46:17

**nonfire-drill (1)**
65:5

**non-Kossoff (1)**
15:16

**nor (1)**
29:12

**North (1)**
9:22

**note (6)**
29:17;31:5;32:10;
47:6;53:6;59:14

**noted (2)**
31:19;44:1

**notes (1)**
41:17

**notice (14)**
18:25;20:15;28:24;
31:4;46:1,2;49:9,12,
16;52:13;53:4;56:24;
57:1;58:5

**noticed (1)**
20:24

**notified (1)**

49:15

**notwithstanding (3)**
29:22;48:7;51:7

**number (21)**
15:6,22;20:24;
28:14;40:7;41:2,11;
43:21;45:8;47:1,3;
50:2;52:20,20;53:25;
54:1,12,13,24;59:2;
61:3

**numbering (2)**
41:5,7

**numbers (2)**
41:6;50:15

**NY (9)**
5:14;8:19;11:6,15;
12:16;13:5,13,21;
58:24

**O**

**object (1)**
29:6

**objection (5)**
15:10;28:11;29:2;
32:8,13

**objections (1)**
20:11

**obligation (2)**
34:14;35:24

**obliged (1)**
58:18

**observation (1)**
21:1

**observations (1)**
19:20

**obtain (3)**
33:21;44:1;47:4

**obtaining (1)**
62:2

**obviate (1)**
36:11

**obviously (3)**
18:20;35:5;61:24

**occur (2)**
24:12;50:1

**occurrence (1)**
32:13

**off (2)**
26:11;42:19

**office (2)**
40:23;45:1;55:8;
56:9;65:13

**offline (2)**
56:8;57:5

**often (2)**
35:11,13

**omitted (1)**
32:20

**omnibus (2)**
22:3;46:2

**Once (4)**
42:19;55:4;56:17;

62:6

**One (30)**
5:18;13:12;15:6,15;
16:13,17;17:3,25;
18:14;20:25;22:16;
29:20;32:7;33:11;
35:19;36:20;37:16;
38:21;39:6,8;46:22;
48:3,6;51:1;52:11,21,
24;54:7;56:1;57:17

**one's (2)**
47:8;54:8

**ongoing (3)**
42:10;61:16;66:4

**only (4)**
23:11;33:17;49:23;
55:7

**operations@escribersnet (1)**
9:25

**opinion (1)**
36:1

**opportunities (1)**
43:2

**opportunity (5)**
18:25;20:16;27:13;
28:25;31:1

**opposed (1)**
38:5

**opposition (4)**
28:11;37:2,16;
50:16

**option (1)**
38:10

**options (1)**
43:2

**oral (7)**
27:24;32:15;33:3,5;
35:23;38:8;39:9

**orally (1)**
52:10

**Order (20)**
6:5;9:3,6;17:13;
22:7;32:9,10,11;34:7;
37:14;38:3;41:18;
42:8,10;43:4;44:18;
61:2;63:12;64:19,21

**ordering (2)**
53:16,22

**others (1)**
57:7

**otherwise (9)**
28:21;37:10;48:9,
21;49:15,16;52:2;
57:7;59:18

**out (18)**
15:21;18:10;26:5;
34:17;37:7;42:5,11;
45:2;47:4;52:25;54:5;
57:8,23;60:4,10;
64:10,14;65:19

**outcome (2)**
28:9;41:21

**outreach (1)**

47:16
**over (4)**
19:20;28:7;41:22;
63:5
**overcome (1)**
30:15
**overrule (1)**
32:7
**oversight (1)**
25:1
**own (1)**
55:21

**P**

**PACER (1)**
55:7
**page (1)**
63:7
**pages (2)**
52:3;65:9
**painful (1)**
33:7
**papers (6)**
19:3;20:14;22:13;
26:4,10;31:6
**PARDALIS (1)**
12:11
**part (1)**
25:1
**participation (1)**
38:23
**particular (1)**
35:15
**particularly (3)**
22:5;23:5;34:2
**parties (31)**
16:7,12;18:6,14,15,
23;19:1,12,15,16;
23:5;26:20,21;27:5,
15,20;28:25;29:16,18,
23;30:14,17;31:15,
16;41:3;43:1,5;50:5;
56:20;65:2,8
**parties' (1)**
29:7
**parties-in-interest (1)**
20:15
**partly (1)**
18:22
**party (21)**
17:10,13,16;18:24;
24:22;25:4,10;28:13;
29:8,20;33:14,15,23,
25;34:13,15,22;35:1,
4,8;48:22
**party-in-interest (1)**
40:21
**passes (1)**
30:7
**password (1)**
61:13
**past (2)**

23:3,4
**path (1)**
50:1
**paths (1)**
53:17
**patience (2)**
23:14;42:5
**pause (1)**
50:22
**PC (1)**
13:18
**pending (5)**
20:23;36:7;49:13;
50:21;51:8
**Penna (3)**
7:24;49:4,5
**people (8)**
15:4;23:19,19;33:8;
42:6;48:25;50:8;
57:22
**Perevoski (4)**
6:4;12:3;15:23;
16:10
**perfectly (1)**
63:11
**perhaps (1)**
63:24
**period (3)**
23:19;60:4;62:11
**permissive (1)**
25:13
**permitted (1)**
26:17
**persist (2)**
25:11;27:19
**person (3)**
40:9;55:14,14
**Persons (1)**
9:4
**persuasive (1)**
49:1
**Peter (2)**
12:12;22:24
**phase (1)**
40:9
**Phoenix (1)**
9:23
**phrased (1)**
22:7
**Phyllis (1)**
24:22
**place (4)**
51:14;56:17;57:3;
62:19
**Plaintiff (2)**
5:5,12
**plan (2)**
45:16;59:16
**planned (1)**
44:17
**plans (1)**
53:13
**players (1)**

47:18
**pleadings (1)**
51:10
**pleasant (1)**
39:2
**please (5)**
24:3;42:7;43:21;
46:9;48:19
**pleased (1)**
45:14
**PLLC (7)**
13:10;35:12;37:13;
40:5;55:24;56:3,5
**plus (1)**
32:1
**point (5)**
35:4;41:23;42:5;
52:18;55:14
**points (2)**
39:11;47:11
**position (6)**
27:6,6,16;30:23;
42:1;51:25
**possibility (4)**
38:9;39:16;57:10,
13
**possible (4)**
38:7;42:6;63:19;
64:4
**posted (1)**
15:5
**posture (1)**
25:24
**potential (2)**
19:10;26:22
**potentially (1)**
19:9
**practical (4)**
32:1;35:11,17;
62:18
**pre- (1)**
41:7
**precedent (1)**
21:19
**predicate (3)**
26:2;28:20;36:5
**predilection (1)**
37:20
**prefer (3)**
48:9;49:14;59:18
**preferable (1)**
63:15
**preference (4)**
17:4;18:2;26:17;
46:25
**prejudice (1)**
27:18
**preparation (2)**
32:25;41:18
**prepared (1)**
18:5
**pre-petition (1)**
17:6

**presence (1)**
48:22
**PRESENT (5)**
14:2;15:13;20:3;
27:10;29:21
**presently (1)**
29:8
**press (1)**
27:11
**Pre-Trial (13)**
6:11,16,21;7:5,10,
15,20,25;8:5,10,15,
20;41:10
**pretty (4)**
18:5;19:22;57:24;
65:18
**prevailing (1)**
30:5
**previewed (1)**
43:5
**previously (3)**
26:10;29:25;54:3
**prior (4)**
40:13,25;43:16;
63:14
**prison (1)**
24:10
**Pro (2)**
14:4;55:1
**probably (5)**
15:4;32:12;39:3;
52:3;55:10
**problem (1)**
34:18
**Proc (2)**
5:5,12
**procedural (8)**
20:25;22:4;23:12,
24;25:23;52:12;
53:12,17
**procedurally (2)**
16:25;17:21
**proceed (11)**
18:3;7;29:20,21,23;
44:3;47:15;52:1;53:3,
8;60:14
**proceeding (37)**
6:2,8,13,18;7:2,7,
12,17,22;8:2,7,12,17;
15:3,22;16:15;17:2;
19:18;20:10;23:5,17;
38:14,25;43:15;45:7;
46:8,10;48:1,8;49:4,
25;50:11;54:1,13,25;
56:1;57:5
**proceedings (8)**
34:16;36:6;40:4;
41:2;44:5;48:14;
55:25;66:7
**process (2)**
62:16;65:3
**produce (1)**
61:2

**production (6)**
61:11,12,25;62:6;
63:19,22
**productions (1)**
64:25
**profound (1)**
37:21
**profoundly (1)**
36:5
**progress (1)**
50:6
**proof (1)**
28:19
**proper (1)**
36:5
**properly (1)**
28:19
**proposal (1)**
59:16
**propose (5)**
37:1;46:15;48:8;
49:15;51:24
**proposed (3)**
29:2;32:11;37:14
**proposing (1)**
38:2
**protected (1)**
61:13
**protracted (1)**
31:18
**provide (2)**
15:18;34:18
**Provided (2)**
9:4;40:12
**provides (1)**
31:18
**providing (1)**
42:3
**public (1)**
55:14
**purpose (3)**
25:13;28:17;33:8
**purposes (2)**
26:6,16
**pursuant (4)**
21:18;28:5;48:5;
59:10
**pursue (3)**
44:4;51:17;52:24
**pursuing (2)**
42:6;52:1
**push (3)**
58:6;64:10;65:2
**pushed (1)**
57:23
**pushing (1)**
42:11
**put (2)**
23:9;44:12
**putting (1)**
51:14
**puzzling (1)**
54:8

## Q

**quickly (3)**
32:18;37:18;63:19
**quite (2)**
15:6;24:10;28:9

## R

**raise (3)**
27:8;38:15;53:18
**raised (2)**
19:11;27:9
**raises (2)**
19:8;30:10
**raising (2)**
27:16;39:16
**range (1)**
21:23
**rapid (1)**
40:5
**rather (9)**
26:18;29:16;31:11;
36:9;37:20;39:9;55:9;
64:15,16
**RE (1)**
9:2
**reach (7)**
34:16;37:7;45:2;
47:4;54:5;57:8;60:5
**reached (2)**
27:11;60:10
**reaching (2)**
19:13;52:25
**read (1)**
38:7
**ready (1)**
41:17
**realize (1)**
62:1
**really (9)**
23:11,15;39:8;
40:15;42:8;48:17;
50:5;60:14;63:1
**Realty (2)**
12:12;22:24
**reason (5)**
20:14,18;25:15;
32:7;36:3
**reasonableness (1)**
21:23
**reasoned (1)**
35:23
**recap (1)**
17:23
**recapture (1)**
17:7
**received (17)**
17:11;28:14;29:22;
38:11;46:14,16,17;
48:6;49:16;53:1,2,7;
59:12;61:10,11,12;

64:25
**recent (2)**
18:8;19:1
**recently (1)**
60:25
**Recess (1)**
40:2
**recipients (1)**
17:6
**recitation (1)**
18:22
**record (11)**
18:12;19:15,21;
21:11;23:3;27:25;
28:17;29:18;44:21;
51:10;58:9
**RECORDING (1)**
5:25
**records (2)**
48:4,6
**recover (3)**
17:5;54:21;58:25
**recoverable (1)**
28:21
**recovery (5)**
28:8;31:19,23;32:2;
58:12
**reference (3)**
41:6;50:14;51:5
**referred (1)**
30:5
**refile (2)**
54:25;56:10
**reflect (4)**
21:15;31:2;32:12;
42:10
**reflects (1)**
32:4
**regard (1)**
17:19
**registered (1)**
60:10
**regroup (1)**
37:5
**relates (1)**
60:22
**Relating (1)**
9:4
**release (1)**
22:8
**relevant (3)**
41:2,4,4
**relief (1)**
21:16
**rely (2)**
22:13;26:14
**relying (2)**
22:9;29:15
**remain (2)**
22:17,22
**remainder (2)**
15:17;38:22
**remaining (4)**

22:25;24:17;33:11;
65:1
**remains (3)**
46:15;50:21;59:15
**remarks (3)**
19:23;21:15;26:18
**remotely (1)**
42:6
**replacement (1)**
61:12
**reply (2)**
37:2,16
**report (2)**
61:9;63:5
**reported (7)**
43:22;45:14;46:11;
48:2;50:13;52:21;
54:3
**represent (1)**
21:22
**Representative (1)**
14:3
**represented (2)**
26:21;31:16
**request (16)**
24:10,14;27:2,23;
34:17;38:2;40:19;
45:19,20,24;52:2;
54:24;56:23;59:9;
61:17;63:6
**required (2)**
45:1;53:22
**reserve (1)**
38:10
**reserved (1)**
27:20
**reset (1)**
17:1
**resisting (1)**
51:13
**resolution (2)**
23:7,8
**resolutions (1)**
42:7
**resolve (1)**
42:2
**resolved (1)**
65:5
**respect (12)**
17:13;19:22;20:22;
21:16;22:3,4;23:22;
26:11,25;27:4;29:6;
32:17
**respectfully (4)**
45:18,18;56:23;
61:17
**respectively (1)**
27:7
**respond (5)**
22:12;28:25;44:6;
49:1;52:4
**response (16)**
17:14,15;22:9;

23:20;38:1;44:1,2;
46:12,14;47:5,7;
49:16;53:12;59:6,8,
12
**responses (3)**
20:16,16;61:10
**responsiveness (1)**
49:7
**rest (2)**
15:15;39:25
**restate (1)**
64:23
**result (6)**
29:11,13;30:14;
31:15;38:1;57:3
**returnable (1)**
15:9
**returned (1)**
48:4
**return-mail- (1)**
44:9
**reveal (1)**
42:9
**review (10)**
30:3;32:11;40:13;
61:16,19;62:5,10;
63:13;64:5,24
**reviewed (3)**
19:2;7;31:8
**right (23)**
21:6;23:11,14;25:4;
33:10;38:13,18;
39:18,22;45:5;47:14,
20,21;49:24;50:7;
51:2,2;58:3,21;59:4;
61:6;62:15;65:24
**rights (1)**
25:10
**ripe (1)**
60:15
**rise (1)**
30:12
**River (1)**
9:20
**road (1)**
33:7
**ROBERT (2)**
12:8;16:10
**rollover (1)**
59:3
**Ronny (1)**
13:3
**Rosenblatt (5)**
7:4;13:18,19;45:7,
10
**routinely (1)**
34:14
**row (2)**
41:6,11
**Rule (11)**
9:6;21:18;28:6;
30:4;38:3,8;39:18;
53:2;59:10;60:15,23

**rules (4)**
23:19;28:6;38:2;
59:11
**ruling (9)**
27:22,24;30:8;
32:15,16,25;33:5;
34:8;35:23
**rulings (2)**
24:8,9,12;33:4,17;
34:3
**run (1)**
23:21

## S

**same (4)**
41:7;43:9;56:10;
63:7
**SARA (2)**
13:15;41:15
**satisfied (1)**
62:9
**save (1)**
26:7
**saving (2)**
16:13;27:2
**saying (5)**
20:2;36:19;53:11;
56:3,11
**scanned (1)**
28:15
**schedule (12)**
36:16;37:1,10,25;
38:3;51:14,24;56:18,
19;57:12;58:11;60:17
**scheduled (1)**
36:13
**scheduling (7)**
37:14;41:18;42:2,8,
10;43:4;58:10
**Schermerhorn (1)**
13:20
**Schoeneck (1)**
13:10
**Schoeneck& (1)**
41:16
**SCHWARTZ (1)**
11:17
**Se (2)**
14:4;55:1
**SEAN (1)**
13:7
**seat (1)**
33:5
**second (5)**
24:16;30:5;38:19;
46:25;47:12
**Secretary (1)**
60:7
**Section (4)**
19:5;28:5;30:4;
41:7
**seeing (1)**

54:6
**seek (6)**
18:7;47:5;51:23;
59:16;60:15;62:13
**seeking (7)**
28:17;46:17,24;
48:12;54:21;58:25;
60:16
**seem (1)**
65:17
**seems (1)**
33:14
**Segal (10)**
16:2,2;21:11,11;
22:20,20;24:24,25;
40:18,18
**SEGALLA (2)**
11:2;61:24
**select (1)**
41:4
**seminal (1)**
36:7
**send (2)**
34:14;40:24
**sense (3)**
37:11;45:18;47:6
**sent (8)**
35:3;43:25,25;44:7;
46:13;48:3;54:5;59:7
**sentence (1)**
30:8
**separate (1)**
27:21
**separately (4)**
23:21;27:3,22;37:3
**September (4)**
36:21,25;37:12;
38:5
**series (4)**
17:3;40:3,4;57:24
**seriously (1)**
39:20
**serve (1)**
60:6
**served (2)**
59:5;60:3
**Service (1)**
47:2
**Services (1)**
9:4
**set (15)**
19:23;21:24;26:4;
29:17;34:13;36:8,16,
16,21,21,24;41:18;
56:18;63:20;64:22
**sets (1)**
26:24
**setting (5)**
31:22;47:1;59:2;
63:12;65:9
**settle (2)**
19:14;29:7
**settled (1)**

19:10
**Settlement (27)**
6:6;15:10;17:19;
18:7,17;19:2,2;20:11,
12,23;23:8,23;27:1,4,
8,12;28:4;29:3;31:4,
11,14,17;32:17;36:3;
41:19;20;43:2
**settlements (19)**
18:10;19:5;20:7,20;
22:18;23:17;25:20;
27:16;28:7;29:11,14,
19,20,25;30:7,13,24;
31:2,10
**settling (10)**
16:7,12;18:6,14,15,
23;29:20,23;31:16;
35:25
**seven (3)**
44:2;49:17;59:9
**seventh (1)**
49:3
**SHAMAH (3)**
5:7;8:14;53:25
**share (4)**
22:2;33:19,22;34:1
**sheet (1)**
56:5
**sheets (1)**
42:8
**SHERMAN (1)**
12:19
**short (1)**
52:3
**shot (2)**
35:16;49:25
**show (3)**
48:4;60:16;63:4
**showing (2)**
19:4;31:7
**significant (2)**
28:8;32:2
**silence (1)**
29:24
**similar (2)**
23:7;60:3
**simply (2)**
23:16;30:2
**singular (3)**
51:18,20;54:4
**sit (2)**
39:25;42:20
**situation (1)**
31:3
**six (1)**
25:15
**sixth (2)**
25:18;47:25
**slightly (1)**
65:2
**slot (1)**
37:11
**slower (1)**

47:9
**SOLELY (15)**
5:3;10;6:3,9,14,19;
7:3,8,13,18,23;8:3,8,
13,18
**somehow (2)**
24:10;30:13
**someone's (1)**
48:25
**sometimes (1)**
64:3
**soon (3)**
54:7;64:4,9
**sooner (3)**
36:9;37:20;64:15
**sorry (12)**
20:6;24:2;25:3;
26:3;36:14,15;45:23;
48:16;50:17;53:10;
54:16;58:1
**sort (6)**
33:13;35:12;36:19;
48:13;53:20;56:18
**sought (5)**
21:16;22:8;29:19;
46:11,12
**Sound (2)**
61:22;62:24
**sounds (5)**
44:18;47:8;53:5,11;
56:16
**SOUTHARD (2)**
13:2,7
**space (1)**
56:14
**speak (7)**
20:21,22;21:5,7;
24:3;55:8,25
**speaking (3)**
20:8;39:3;47:10
**speaks (1)**
17:18
**specific (4)**
22:11;23:17;35:13;
56:5
**specifically (3)**
16:25;30:9;32:14
**speed (2)**
40:14;62:25
**spent (1)**
55:6
**spoke (2)**
45:15;51:1
**spoken (2)**
27:5,6
**spot (1)**
51:15
**squirming (1)**
33:5
**stand (1)**
52:18
**standard (2)**
30:7;59:7

standards (2)
30:4;31:11
**standing (5)**
17:18;22:5;29:6;
36:19,19
**start (1)**
28:1
**starved (1)**
28:10
**state (3)**
48:5;52:1;60:7
**stated (7)**
15:10;20:11;21:14,
15;28:17;29:2,21
**statement (1)**
17:23
**statements (1)**
42:1
**States (1)**
5:17
**stating (1)**
53:20
**Status (7)**
9:2;23:4;26:12;
34:9;38:24;41:21;
60:21
**statute (1)**
26:15
**stay (4)**
42:22;51:6,9;58:18
**steal (1)**
18:4
**stepped (1)**
55:4
**STEVENS (1)**
13:2
**stick (1)**
38:21
**still (3)**
25:4;36:2;43:2
**stipulation (1)**
42:3
**Stipulations (6)**
6:6;16;21:18,20,
22;23:1
**strange (1)**
55:21
**Street (5)**
7:14;9:22;13:4,20;
46:22
**strength (3)**
19:12;30:20;32:2
**strengths (2)**
27:13;32:5
**strong (2)**
19:4;30:12
**styled (1)**
28:22
**subject (3)**
15:11;17:7;22:25
**submission (13)**
17:14,23;18:8;19:1,
8;20:19;22:6,7;26:23;

28:16;29:22;31:5,6
**submissions (2)**
31:9;38:7
**submit (3)**
23:20;32:10;42:7;
43:4;52:2;59:9;63:6;
64:19
**submitted (2)**
40:19;51:9
**submitting (1)**
42:2
**Subpoena (3)**
9:7;60:24;62:14
**substantial (1)**
31:18
**substantially (1)**
63:23
**substantive (1)**
59:12
**succession (1)**
40:6
**successive (1)**
42:18
**suffers (1)**
29:10
**sufficient (4)**
20:15;22:15;28:24;
44:21
**suggest (2)**
56:7;62:9
**suit (1)**
26:13
**Suite (3)**
9:22;11:5;12:5
**Sultan (8)**
9:3,5;11:3;60:24;
61:2,5,24,24
**Sultan's (1)**
64:10
**summary (1)**
24:17
**summons (4)**
46:25;47:12;59:1,5
**sums (1)**
36:1
**supplemental (2)**
61:10,12
**supported (1)**
21:25
**sure (11)**
18:9;20:2;31:22;
35:21;36:21;37:19;
41:13;57:21,21;63:8;
65:21
**surgery (3)**
57:11,14,18
**Syracuse (1)**
13:13
**system (2)**
49:11;55:7

**T**

**table (2)**
23:18;50:8
**talk (8)**
27:2,22;42:23;56:8,
18;57:5;61:20;64:8
**talked (1)**
61:20
**tasks (1)**
57:7
**team (3)**
38:21;53:7;57:19
**technically (1)**
35:4
**tee (1)**
38:4
**telephone (2)**
16:22;24:7
**telling (1)**
36:16
**TEMES (7)**
13:15;41:15,15;
42:14,15;43:18,19
**term (1)**
22:5
**terms (1)**
23:2
**terrible (1)**
57:2
**terribly (1)**
19:6
**test (2)**
19:6;30:5
**Thanks (5)**
23:10;39:22;43:18;
58:4,15
**that'll (2)**
24:4;44:19
**theory (1)**
28:18
**therefore (4)**
28:19;29:24;30:2;
42:11
**thinking (1)**
36:17
**Third (3)**
11:4,13;12:14
**thirty-day (1)**
47:12
**thorough (1)**
34:3
**though (1)**
22:16
**thought (4)**
17:21;35:24;40:16;
52:9
**three (3)**
23:17;28:4;65:8
**three-page (1)**
17:15
**threshold (1)**
36:7
**throughout (1)**
53:10

**thunder (1)**
18:4
**tight (1)**
39:25
**till (1)**
52:7
**timeliness (2)**
26:16;31:1
**timely (1)**
17:15
**timing (1)**
31:23
**TISHMAN (1)**
11:11
**today (34)**
15:25;16:3,7;18:17;
20:7,12,20,24;21:17;
23:1,4,7,18;25:10;
26:6,19;28:3,24;29:1,
18;32:14;33:1;38:16;
40:20,22,22;42:24;
45:8,15;48:18;52:10;
54:14;61:5;65:24
**today's (6)**
17:12;28:2;34:7;
35:3,5;60:21
**TODD (1)**
12:19
**TOGUT (33)**
5:3,10;6:2,8,13,18;
7:2,7,12,17,22;8:2,7,
12,17;15:22;16:2;
17:3;21:11,12;22:20;
24:24;38:21;40:18;
43:14;45:7;46:7,21;
49:4;50:11;52:20;
53:25;54:12
**told (2)**
37:10;48:21
**took (3)**
62:1,24,25
**top (1)**
27:24
**topic (1)**
30:8
**totaling (2)**
54:21;58:25
**towards (1)**
23:7
**track (1)**
47:9
**Transcribed (1)**
9:20
**transcript (8)**
24:8;27:23;34:7,15;
35:3,17;40:13;64:22
**transcripts (11)**
24:11;27:2;33:12,
22;34:1,3,22,23;35:8,
13,15
**transfer (1)**
46:24
**transferred (1)**

17:6
**transfers (3)**
28:21;54:21;58:25
**transmitted (1)**
36:1
**Tree (2)**
7:19;48:1
**tremendous (1)**
36:11
**trial (1)**
41:8
**trifling (1)**
36:3
**true (1)**
31:19
**trust (1)**
60:22
**TRUSTEE (52)**
5:4,11;6:5;9:2;
15:23,25;16:2,4;17:3,
7,15;18:1,15,20;
21:12,13;22:13,21;
23:6;24:25;26:5;28:4;
29:23;30:14,19;
32:10,22;33:16,21,25;
34:1,7,14,17,17;
36:18,25;37:5,24;
38:15;40:18;41:25;
50:15;51:16;54:20;
59:9;62:9,9,12;63:13;
64:24;65:14
**trustee's (6)**
25:16;26:14;30:11;
31:6,9;60:23
**try (12)**
24:3;33:7;35:9;
40:13;47:4;50:8;56:7;
57:6;62:23;64:5,7,16
**trying (3)**
52:25;55:7;60:5
**turn (3)**
15:14,17;19:20
**turning (1)**
40:8
**two (9)**
19:15;26:1;36:24;
38:11;52:22;57:17;
60:3;62:6,10
**type (1)**
18:2
**types (1)**
17:5
**typo (2)**
47:9,10

**U**

**ultimately (5)**
37:15;45:2;48:11;
52:25;61:21
**umbrella (1)**
56:2
**Um-hum (1)**

53:10
**unable (1)**
53:1
**uncertainty (1)**
31:17
**unclear (2)**
17:17,20
**under (6)**
19:5;26:1;28:5;
30:4;56:2,2
**undermined (1)**
30:15
**undermines (1)**
26:14
**Understood (1)**
44:16
**United (1)**
5:17
**University (5)**
6:15;13:11;41:11,
14,16
**unleash (1)**
52:8
**unless (10)**
22:11;37:10;43:13;
47:9;48:9,20;49:14;
54:11;59:17;65:25
**unlocked (1)**
61:14
**unnecessary (1)**
15:18
**up (18)**
24:3,4;32:19;33:1,
8;34:13;35:16;36:21,
24;37:10;38:4;40:14;
51:1;58:19;60:16;
62:23,25;63:4
**update (4)**
41:21;43:1,20;
52:17
**updating (1)**
32:12
**upon (3)**
25:21,22,22
**use (1)**
50:2
**used (1)**
28:19
**useful (1)**
41:3

**V**

**valid (1)**
26:13
**validity (1)**
17:24
**valuable (1)**
31:20
**value (1)**
22:6
**variety (1)**
17:4;36:18

**various (2)**
16:16;53:11
**view (2)**
30:12;53:15
**voice (2)**
24:4;53:20
**voiced (1)**
26:9

**W**

**wait (1)**
52:7
**walked (1)**
55:17
**wants (6)**
16:15;18:11;19:16;
38:4;51:17;63:5
**warned (1)**
59:8
**warranted (1)**
62:8
**waste (1)**
23:25
**way (4)**
18:13;44:11;53:9;
63:2
**ways (1)**
55:21
**weaknesses (2)**
27:14;32:5
**wear (1)**
42:5
**week (8)**
20:9,14;26:24;
30:16;40:13;62:11;
64:6,11
**weekend (1)**
59:3
**weeks (1)**
62:10
**weigh (1)**
31:25
**weighing (1)**
32:2
**welcome (6)**
34:19;42:22;48:25;
52:16;62:21;63:4
**welcoming (1)**
19:22
**well- (1)**
21:18;30:3;35:22
**West (3)**
7:14;13:4;46:21
**what's (6)**
16:25;20:6,11;
23:15;28:3;42:9
**Whereupon (1)**
66:7
**whole (4)**
18:25;31:13;35:17;
42:20
**Who's (3)**

15:24;16:9;42:18

**whose (1)**
29:19
**William (2)**
13:19;45:10
**willing (3)**
33:19,21;34:1
**WINTERS (1)**
13:2
**wish (7)**
18:6;19:14,21,21;
27:1;29:19;39:2
**wished (1)**
17:13
**wishes (1)**
29:23
**withdraw (2)**
50:14;51:5
**within (7)**
21:23;23:12;44:2;
49:17;59:8;62:10,11
**without (5)**
27:18;38:8;39:18;
52:6,8
**Woart (3)**
6:20;43:14,17
**Wolfe (1)**
9:20
**wonderful (2)**
36:23;55:13
**wondering (1)**
24:19
**work (7)**
33:7;42:12;45:21;
57:20;64:13;65:11,19
**workable (1)**
49:19
**worked (1)**
65:12
**working (1)**
23:6
**works (2)**
42:15;64:25
**worth (1)**
39:14
**wrap (1)**
62:23
**written (4)**
26:23;30:16;60:4;
61:10
**wrong (3)**
48:11;56:12;57:3

**X**

**Xenopoulis (5)**
12:12,12;22:23,24;
23:6

**Y**

**yesterday (2)**
45:16;61:12

**York (9)**
5:19,19;11:6,15;
12:6,6,16;13:5;60:8

**Z**

**ZACHARY (2)**
13:23;45:9
**Zoom (1)**
15:3

**1**

**1 (7)**
6:11,16,21;7:5,20;
8:5;41:11
**10 (2)**
15:3;53:25
**10017 (1)**
11:6
**10022 (2)**
11:15;12:16
**10036 (1)**
13:5
**10118 (1)**
12:6
**105 (2)**
28:5;30:4
**105/Rule (1)**
19:5
**1066 (1)**
45:5
**10th (1)**
17:16
**11 (1)**
54:12
**11201 (1)**
13:21
**11th (4)**
12:15;58:24;59:1,6
**12 (1)**
5:20
**12th (2)**
17:12;59:2
**13202 (1)**
13:13
**13th (1)**
49:8
**150,000-dollar (1)**
46:24
**15th (2)**
59:7;61:1
**165,700 (1)**
54:22
**169 (2)**
7:14;46:21
**16th (2)**
9:22;61:1
**1900 (1)**
11:5
**1st (2)**
50:15,19

**2**

**2 (3)**
9:2;41:7;59:2
**200 (2)**
13:4,20
**2004 (2)**
9:6;60:24
**2023 (3)**
5:20;47:8;61:3
**21 (1)**
64:25
**21-10699 (1)**
40:7
**21st (2)**
64:6,9
**22 (2)**
7:14;46:22
**22-01141-dsj (1)**
6:2
**22-1141 (3)**
15:22;38:14;40:1
**23-01023-dsj (1)**
6:13
**23-01066-dsj (1)**
6:18
**23-01069-dsj (1)**
7:2
**23-01071-dsj (1)**
7:7
**23-01074-dsj (1)**
7:12
**23-01076-dsj (1)**
7:17
**23-01079-dsj (1)**
7:22
**23-01080-dsj (1)**
8:2
**23-01083-dsj (1)**
8:7
**23-01086-dsj (2)**
5:6;8:12
**23-01103-dsj (1)**
6:8
**2301-1079 (1)**
49:4
**23-01115-dsj (1)**
5:13
**23-0115-dsj (1)**
8:17
**23-1066 (2)**
43:15,21
**23-1069 (1)**
45:8
**23-1071 (2)**
46:8,20
**23-1074 (2)**
46:20;47:21
**23-1076 (1)**
47:24
**23-1080 (1)**
50:11

**23-1083 (1)**
52:21
**23-1086 (1)**
54:1
**23-1103 (1)**
54:13
**23-1115 (1)**
58:22
**23rd (26)**
36:20,24;37:12;
38:5;43:22;45:13,19;
46:12;48:2;50:13;
51:4;52:7,13,22;54:4;
56:23;57:12;58:6;
61:3,9,18;62:20;
64:17;65:6,20;66:2
**257-0885 (1)**
9:24
**26th (2)**
36:25;37:12
**27th (1)**
49:9
**28th (2)**
54:21;61:11

**3**

**3 (1)**
52:3
**30th (2)**
47:8,13
**31st (3)**
40:15;46:25;47:12
**350 (1)**
12:4
**3rd (5)**
43:23;46:23;49:6,
13;50:12

**4**

**41st (1)**
13:4
**46 (2)**
7:9;46:7
**4640 (1)**
12:5
**47 (2)**
7:9;46:7
**4th (1)**
47:1

**5**

**5 (2)**
47:1;50:15
**56 (2)**
19:3;20:24
**5th (2)**
17:11;28:15

**6**

**6 (1)**
50:15
**60 (1)**
28:14
**643 (1)**
61:3
**644 (1)**
54:24
**645 (1)**
54:24
**646 (1)**
41:2
**6th (6)**
17:12;28:15;43:24;
46:13,14;54:5

**7**

**7 (10)**
5:4,11;16:2;17:3;
21:12;22:20;40:18;
41:1;54:23;60:23
**7055-1 (1)**
59:10
**711 (1)**
11:4
**7227 (1)**
9:22
**7's (1)**
60:22

**8**

**800 (1)**
9:24
**800,000 (1)**
28:7
**85020 (1)**
9:23
**875 (1)**
11:13

**9**

**9 (2)**
47:3;52:20
**9019 (3)**
21:18;28:6;30:4
**9019/Iridium (1)**
19:5
**950 (1)**
12:14
**9th (2)**
11:14;47:2