UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

=================================X

KOSSOFF PLLC,

                         Debtor(s),

=================================X

ALBERT TOGUT, not Individually but Solely
in His Capacity as Chapter 7 Trustee of the
Estate of Kossof PLLC,

                         Plaintiff,

-against-

WILLIAM ROSENBLATT,

                         Defendant(s).

=================================X

CHAPTER 7

Case No.: 21-10699 (DSJ)

Ad. Pro. No.: 23-CV-01069 (DSJ)

**ANSWER**

Zachary C. Hall, an attorney duly admitted to practice law before the Courts of the State of New York, hereby affirms the following to be true under penalty of perjury:

1. I am not a party to this action and am over the age of 18, on September 15, 2023, I personally served a true and correct copy of the enclosed ANSWER to:

> Ronald D. Howard, Esq. (rhoward@teamtogut.com)
> Togut, Segal & Segal LLP
> One Penn Plaza, Suite 3335
> New York, NY  10119

2. The above referenced documents were served via email/electronic service.

Dated: September 15, 2023
      Brooklyn, New York

                                                        Balsamo, Rosenblatt & Hall, PC
                                                        By: Zachary C. Hall
                                                        *Attorneys for Defendants*
                                                        200 Schermerhorn Street
                                                        Brooklyn, New York 11201
                                                        (718) 858-7399
                                                        NYS Bar No.: 5177209

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
======================================X
KOSSOFF PLLC,

        Debtor(s),
======================================X
ALBERT TOGUT, not Individually but Solely
in His Capacity as Chapter 7 Trustee of the
Estate of Kossof PLLC,

        Plaintiff,

    -against-

WILLIAM ROSENBLATT,

        Defendant(s).
======================================X

CHAPTER 7

Case No.: 21-10699 (DSJ)

Ad. Pro. No.: 23-CV-01069 (DSJ)

**ANSWER**

PLEASE TAKE NOTICE, that Defendant WILLIAM ROSENBLATT ("**Defendant**"), by their attorneys, Balsamo, Rosenblatt & Hall, PC, hereby appear in this proceeding and demands that all papers be served on his attorney at the address listed below.

PLEASE TAKE FURTHER NOTICE, that the above-named Defendants hereby interposes the following Answer to the Complaint, dated March 31, 2023 (the "**Complaint**"), of Plaintiff ALBERT TOGUT ("**Plaintiff**") herein; that without waiving any defenses:

- **GENERAL DENIAL** -

1. Denies having knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 1 of the Complaint.

2. Denies having knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 2 of the Complaint and respectfully refers all statements/questions of law to the Court.

3. Denies having knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 3 of the Complaint and respectfully refers all statements/questions of law to the Court.

4. Admits the allegations contained in Paragraph 4 of the Complaint.

5. Denies having knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 5 of the Complaint.

6. Denies the allegations contained in Paragraph 6 of the Complaint. Defendant has not resided or maintained a business at the referenced address since August of 2022.

7. Denies having knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 7 of the Complaint and respectfully refers all conclusions of law to the Court and or the referenced statue.

8. Denies having knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 8 of the Complaint and respectfully refers all conclusions of law to the Court and or the referenced statue.

9. Denies having knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 9 of the Complaint and respectfully refers all conclusions of law to the Court and or the referenced statue.

10. Denies having knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 10 of the Complaint and respectfully refers all conclusions of law to the Court and or the referenced statue.

11. Denies having knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 11 of the Complaint and respectfully refers all conclusions of law to the Court and or the referenced statue.

12. Denies having knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 12 of the Complaint or the truth of the contents of the document referenced therein.

13. Denies having knowledge or information sufficient to form a belief as to the allegations

contained in Paragraph 13 of the Complaint or the truth of the contents of the document referenced therein.

14. Denies having knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 14 of the Complaint or the truth of the contents of the document referenced therein.

15. Denies having knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 15. of the Complaint or the truth of the contents of the document referenced therein

16. Denies having knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 16 of the Complaint or the truth of the contents of the document referenced therein.

17. Denies having knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 17 of the Complaint and respectfully refers all conclusions of law to the Court and/or the referenced statue.

18. Denies having knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 18 of the Complaint and respectfully refers all conclusions of law to the Court and/or the referenced statue.

19. Denies having knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 19.

20. Denies having knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 20 of the Complaint and respectfully refers all conclusions of law to the Court and/or the referenced statue.

21. Denies having knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 21 of the Complaint except denies that any transfer to Defendant from

KOSSOF PLLC ("**Debtor**") was fraudulent or in any way improper.

22. Denies having knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 22 of the Complaint except denies that any transfer to Defendant from Debtor was fraudulent or in any way improper.

23. Denies having knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 23 of the Complaint except denies that any transfer to Defendant from Debtor was fraudulent or in any way improper.

24. Denies having knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 24 of the Complaint except denies that any transfer to Defendant from Debtor was fraudulent or in any way improper.

25. Denies having knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 25 of the Complaint except denies that any transfer to Defendant from Debtor was fraudulent or in any way improper.

26. Denies having knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 26 of the Complaint or the truth of the contents of the document referenced therein.

27. Denies having knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 27 of the Complaint or the truth of the contents of the document referenced therein.

28. Denies having knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 28 of the Complaint.

29. Denies having knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 29 of the Complaint except denies that any transfer to Defendant from Debtor was fraudulent or in any way improper.

30. Denies having knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 30 of the Complaint.

31. Denies having knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 31 of the Complaint.

32. Denies having knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 32 of the Complaint except denies that any transfer to Defendant from Debtor was fraudulent or in any way improper.

33. Denies the allegations in paragraph 33 of the Complaint.

34. Denies having knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 34 of the Complaint except denies that any transfer to Defendant from Debtor was fraudulent or in any way improper.

35. Defendant interposes the same responses to the paragraphs referenced in Paragraph 35 of the Complaint as if fully set forth herein.

36. Denies the allegations in paragraph 36 of the Complaint.

37. Denies the allegations in paragraph 37 of the Complaint and respectfully defers all conclusions of law to the Court and/or the referenced statutes.

38. Denies the allegations in paragraph 38 of the Complaint and respectfully defers all conclusions of law to the Court and/or the referenced statutes.

39. Denies the allegations in paragraph 39 of the Complaint.

40. Denies the allegations in paragraph 40 of the Complaint.

41. Denies the allegations in paragraph 41 of the Complaint and respectfully refers all conclusions of law to the Court and/or the referenced statutes.

42. Denies having knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 42 of the Complaint except denies that any transfer to Defendant from

Debtor was fraudulent or in any way improper.

43. Denies having knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 43 of the Complaint except denies that any transfer to Defendant from Debtor was fraudulent or in any way improper.

44. Denies having knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 44 of the Complaint except denies that any transfer to Defendant from Debtor was fraudulent or in any way improper.

45. Denies the allegations in Paragraph 45 of the Complaint.

46. Denies the allegations in Paragraph 46 of the Complaint.

47. Denies the allegations in Paragraph 47 of the Complaint and respectfully refers all conclusions of law to the Court and/or the referenced statutes.

48. Defendant interposes the same responses to the paragraphs referenced in Paragraph 48 of the Complaint as if fully set forth herein.

49. Denies having knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 49 of the Complaint except denies that any transfer to Defendant from Debtor was fraudulent or in any way improper.

50. Denies the allegations in Paragraph 50 of the Complaint.

51. Denies the allegations in Paragraph 51 of the Complaint.

52. Denies the allegations in Paragraph 52 of the Complaint.

53. Defendant interposes the same responses to the paragraphs referenced in Paragraph 53 of the Complaint as if fully set forth herein.

54. Denies the allegations in Paragraph 54 of the Complaint and respectfully refers all conclusions of law to the Court and/or the referenced statutes.

55. Admits the allegations in Paragraph 55 of the Complaint.

56. Denies the allegations in Paragraph 56 of the Complaint and respectfully refers all conclusions of law to the Court and/or the referenced statutes.

57. Defendant interposes the same responses to the paragraphs referenced in Paragraph 57 of the Complaint as if fully set forth herein.

58. Denies the allegations in Paragraph 58 of the Complaint and respectfully refers all conclusions of law to the Court and/or the referenced statutes.

59. Admits the allegations in Paragraph 59 of the Complaint.

60. Denies having knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 60 of the Complaint and respectfully refers all conclusions of law to the Court and/or the referenced statutes.

61. Denies having knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 61 of the Complaint and respectfully refers all conclusions of law to the Court and/or the referenced statutes.

62. Denies the allegations in the Wherefore clause of the Complaint and respectfully refers all conclusions of law to the Court and/or the referenced statutes.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

63. This instant proceeding must be dismissed as Plaintiff has stated a cause of action to which they are not entitled relief. The Complaint fails to sufficiently allege the basis of the claim and prevents Defendant from submitting a response. The Plaintiff cannot meet his burden of proof that the alleged transfer was a transfer of an interest of the Debtor in property. The debtor received reasonably equivalent value for any alleged transfers. The Plaintiff cannot meet its burden of proof that the Debtor was insolvent on the dates of any or all of the alleged transfers or became insolvent as a result of such alleged transfers. Defendant gave reasonably equivalent value for any alleged transfers and received any alleged transfers in good faith.

64. The transaction in question was not a debt owed by Debtor to Defendant. Debtor was a mere conduit transferring funds to Defendant pursuant to a "So-Ordered" Court Settlement entered under a civil lawsuit captioned <u>DYLAN 140 LLC v HAROLD WEINZWEIG & WILLIAM CADDEN ROSENBLATT et al.</u>; in the Civil Court of the City of New York, County of New York, Index No.: L/T 301402/2020 and dated October 20, 2020 (the "L&T Settlement").

65. Pursuant to the L&T Settlement, Defendant surrendered all rights to his valuable rent-stabilized apartment in Manhattan in exchange for the funds transferred from his landlord (Debtor's client), DYLAN 140 LLC, to him pursuant to the agreement. Defendant would be irreparably harmed by having to return the L&T Settlement as he cannot recover his rent-stabilized apartment.

66. As such, this proceeding must be dismissed as a matter of law.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

67. Defendant provided reasonably equivalent value to Debtor (and Debtor's client) for the transfer in question. Pursuant to the L&T Settlement, Defendant surrendered all rights to his valuable rent-stabilized apartment in Manhattan in exchange for the funds transferred from his landlord, DYLAN 140 LLC, to him pursuant to the agreement. Defendant would be irreparably harmed by having to return the L&T Settlement as he cannot recover his rent-stabilized apartment

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

68. The Court does not have jurisdiction over the Defendant and/or the property in question.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

69. Defendant received the transfers in question during the ordinary course of business. Specifically, the transfer in question was explicitly made pursuant to the L&T Settlement and was not the funds of Plaintiff. Plaintiff was a mere conduit in the transfer from a third party to Defendant and was made pursuant to a court-ordered settlement agreement.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

70. The transfer in question was not Plaintiff/Debtor's property. Specifically, the transfer in question was explicitly made pursuant to the L&T Settlement and was not the funds of Plaintiff. Plaintiff was a mere conduit in the transfer from a third party to Defendant and was made pursuant to a court-ordered settlement agreement.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE.

71. Plaintiff's claims are barred by documentary evidence. Specifically, the L&T Settlement and other documentation regarding the transfer in question.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

72. The Court lacks Constitutional authority to render a judgment against Defendant in this proceeding.

## AS AND FOR A EIGHTH AFFIRMATIVE DEFENSE

73. The Debtor and/or Debtor's estate and/or Debtor's third-party client would be unjustly enriched if the alleged transfers were avoided. Specifically, Defendant surrendered and vacated his home and valuable rent stabilized apartment in consideration for the transfer made pursuant to the L&T Agreement. Defendant cannot be made whole for the loss and surrender of his apartment if the transfer is avoided.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

74. Defendant asserts an equitable lien and constructive trust over the property/funds/transfer in question.

75. Defendant possess other defenses to the preferential transfer claims and reserves the right to amend these pleadings.

## RESERVATION OF RIGHTS

76. Defendant hereby gives notice that he intends to rely upon any other defense that may become

9

available or appear during the pre-trial proceedings based upon evidence obtained through discovery or otherwise and hereby reserves the right to amend his Answer to the Complaint and assert any such defenses.

**WHEREFORE**, having fully answered the Complaint of the Plaintiff, Defendant respectfully requests judgment:

A. That the Complaint be dismissed with prejudice in its entirety;

B. Awarding the Defendant its costs and expenses, including, without limitation, attorneys' fees; and,

C. Such other and further relief as this court may seem to be just and proper.

Dated: September 14, 2023
Brooklyn, New York

Balsamo, Rosenblatt & Hall, PC
By: Zachary C. Hall
*Attorneys for Defendants*
200 Schermerhorn Street
Brooklyn, New York 11201
(718) 858-7399
NYS Bar No.: 5177209